The **ASSOCIATED PRESS**

v.

**J. B. BROADCASTING OF BALTI-MORE, LTD.**

Civ. No. 70–1454–T.

United States District Court,
D. Maryland.

Jan. 24, 1972.

Francis J. Gorman, and Semmes, Bowen & Semmes, Baltimore, Md., for plaintiff.

William Graham Boyce, Jr., Baltimore, Md., for defendant.

THOMSEN, District Judge.

Defendant seeks relief from a judgment by default entered against it in favor of plaintiff.

By contract dated January 14, 1969, between plaintiff and WEBB, Inc., plaintiff agreed to provide news service to Radio Station WEBB in consideration of the promise by WEBB, Inc., to pay $71.-90 weekly for the service. The contract was for a period of five (5) years commencing on or about February 1, 1970, and contained the following provision:

"13. If the Member shall fail to pay the assessment provided for in Article 2 hereof, when due, or shall fail to fulfill any other obligation under this agreement (including the obligations under Article 12 hereof), the news service hereunder may be suspended and the Member shall be liable to The Associated Press for the total amount of the assessments provided for in Article 2 hereof, for the balance of the term provided for in

Article 4 hereof, less the expenses which The Associated Press would have incurred during this period in connection with wire service charges and other expenses of physically delivering the news service to the Member."

In a purchase agreement with WEBB, Inc., dated July 1, 1969, defendant agreed to assume and perform all of the obligations of WEBB, Inc., under certain contracts listed on an attached schedule, including the contract between plaintiff and WEBB, Inc.

Plaintiff wrote defendant several months before February 1, 1970, when the five year period covered by the AP service contract was to commence, referring to defendant's agreement to assume responsibility for the obligations of WEBB, Inc. under that contract. By letter dated January 13, 1970, defendant informed plaintiff that it did not intend to honor the contract with plaintiff, because it had a similar agreement with the UPI News Service.

On December 23, 1970, plaintiff instituted suit in this Court against defendant, claiming damages in the amount of $13,391.97. That figure represented the total amount of the $71.90 weekly assessments due by defendant for a period of five years, less the total expense of delivering the service, comprising local telephone company charges ($3.70 weekly), teletype maintenance ($5.90 weekly), teletype amortization ($3.00 weekly) and teletype supplies ($8.00 weekly).

Defendant was duly served on February 5, 1971, but did not file an answer or other responsive pleading. On March 25, 1971, plaintiff filed a motion for entry of a default judgment pursuant to Rule 55(b) (1), F.R.Civ.P., supported by adequate affidavits. On March 29, 1971, judgment was entered for plaintiff in the amount of $13,391.97, with interest and cost of suit.

On April 8, 1971, defendant filed a motion to strike the default judgment under Rule 60(b) "for excusable neglect and mistake". Memoranda were filed by counsel for the respective parties; testimony was taken and oral argument heard on September 15, 1971. Meanwhile, an involuntary petition in bankruptcy was filed against defendant by another creditor on May 25, 1971. That petition is still pending.

At the hearing on September 15, 1971, the Court considered the six reasons for relieving a party from a final judgment, and, after considering the evidence and argument, concluded: (1) there had been no mistake, inadvertence, surprise or excusable neglect; (2) no question of newly discovered evidence was involved; (3) there had been no fraud, misrepresentation or other misconduct of the plaintiff; (4) the judgment was not void; (5) none of the reasons collected in 60(b) (5) applied; and (6) that no "other reason" for striking the judgment had been shown, but that the Court would be willing to consider affidavits or testimony and memoranda to show whether or not the amount of the judgment should be reduced. Thereafter, both sides filed affidavits and memoranda, and neither has asked to present further evidence.

█ In Consolidated Masonry & Fireproofing, Inc. v. Wagman Const. Corp., 383 F.2d 249 (4 Cir. 1967), the Court stated the rule: "Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense". (p. 251). In the instant case defendant did act with reasonable promptness after the judgment was entered; but it offers no adequate excuse for its failure to refer the matter to counsel in time to prevent the default, and has not alleged or shown a meritorious defense to plaintiff's right to recover, nor has defendant shown that the amount of damages claimed and included in the judgment was not justified.

█ The liquidated damage clause, paragraph 13, quoted above, is reasonable, and appropriate in such a case as

this. See Goldman v. Conn. Gen. Life Ins. Co., 251 Md. 575, 582, 248 A.2d 154 (1968); United Wholesalers v. A. J. Armstrong, 251 F.2d 860 (4 Cir. 1958); Associated Press v. Emmett, 45 F.Supp. 907, 924 (S.D.Cal.1942). Defendant has not shown that it is entitled to more or larger credits. The case upon which defendant principally relies, Phelps v. Herro, 215 Md. 223, 137 A.2d 159 (1957), is inapposite, as are the other cases cited by defendant.

Defendant's motion to strike the judgment is hereby denied.