**Joseph SPICA**

**v.**

**William GARCZYNSKI.**

**Civ. A. No. 77–2529.**

United States District Court,
E. D. Pennsylvania.

Feb. 15, 1978.

A. Leo Sereni, Springfield, Pa., for plaintiff.

Richard A. DeMichele, Philadelphia, Pa., for defendant.

## MEMORANDUM

FOGEL, District Judge.

The defendant has filed a motion to set aside the default entered against him in this action. For the reasons which follow, the motion will be denied.

---

## I. *BACKGROUND*

Plaintiff, Joseph Spica, filed suit on July 25, 1977, against defendant, William Garczynski, to recover damages allegedly sustained as a result of a motor vehicle accident which occurred on November 25, 1975.

The summons and complaint were personally served on Elizabeth Garczynski, the defendant's wife, on August 23, 1977. The next day, the defendant took the summons and complaint to the District Claim Office of Allstate Insurance Company, Cherry Hill, New Jersey. Because his agent was not present, the legal papers were left with an unidentified clerk.

Defendant failed to plead or otherwise defend the claim within twenty days of service and a default was entered on September 22, 1977 in accordance with F.R.C.P. 55(a) and 12(a).

On or about September 28, 1977, counsel for defendant in Philadelphia received the summons and complaint from the insurance company. Counsel learned that a default had already been entered. Subsequent thereto, counsel for plaintiff and defendant entered into discussions concerning possible disclaimer of liability by defendant's insurance carrier, settlement of the action and setting aside the default. These discussions were unsuccessful and the defendant filed the instant motion to set aside the default on December 29, 1977.

## II. *DISCUSSION*

F.R.C.P. 55(c) states that:

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Plaintiff has a default, not a default judgment. However, the factors described in Rule 60(b) are relevant to our determination of whether defendant has shown "good cause".

A motion to set aside a default is addressed to the discretion of the district court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951); *Collex,*

*Inc. v. Walsh,* 69 F.R.D. 20, 22 (E.D.Pa. 1975).

Factors to be considered in determining "good cause" include the sufficiency of the excuse, quick action in filing the motion to set aside and a meritorious defense. *U. S. v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944 (N.D.Ind.1975).

A). Excusable neglect on the part of the defendant's insurance carrier, under certain circumstances, has been held to be sufficient grounds to set aside a default. *U. S. v. Topeka Livestock Auction, Inc., supra* at 950; *Stuski v. U. S. Lines,* 31 F.R.D. 188 (E.D.Pa.1962). But no excuse has been proferred by the defendant for the insurance company's neglect in answering or otherwise pleading to the complaint and summons.

On the issue of excusable neglect, *Medunic v. Lederer,* 64 F.R.D. 403 (E.D.Pa.1974), is instructive. The court declined to set a default aside when, because the defendant's insurance company confused process and subsequent notices of pretrial conferences with another suit involving the same parties, no answer was filed and a default was taken. *Medunic* quoted from *Robinson v. Bantam Books, Inc.,* 49 F.R.D. 139, 141 (S.D. N.Y.1970),

"Counsel is asking this court, in effect, to establish the proposition that the inter-office confusion resulting from multi-office corporate enterprises, plus the added confusion resulting from inter-corporate agreements, should automatically excuse failure to meet the time requirements of the Federal Rules of Civil Procedure. The court holds that there is little or no merit to defendants' attempt to make the rules read: defendant shall have twenty days from the time the summons and complaint *filters back to the lawyer in charge of litigation for the district in which the case is filed.*" (Emphasis supplied).

B). The three months between the taking of the default and the filing of the motion is not excessive, considering the discussions which took place between counsel.

However, we would not characterize the motion as being "quick action."

C). Defendant's claim, that the plaintiff's vehicle made an illegal left turn into the path of moving traffic, meets the requirement of an allegation of a meritorious defense. These supporting facts are more than sufficient at this point in the litigation.

The defendant has failed to state any basis which would justify relief under F.R. C.P. 60(b). No claim has been made of mistake; inadvertence; surprise; excusable neglect; newly discovered evidence; fraud; or any other reason justifying relief from the operation of the default.

"To characterize the conduct of the insurer in this case as 'excusable' negligence or inadvertence, when similar conduct by an attorney would subject him to a malpractice action, would be unreasonable and unrealistic." *Medunic, supra* at 406.

The resolution of this motion involves making a choice between the two conflicting policies of prompt and efficient handling of litigation in the Federal Courts by reasonably strict enforcement of the F.R. C.P., and the interests of justice which are normally served by a trial on the merits.

Balancing these policies, and in light of the defendant's failure to justify the absence of a timely answer to the complaint, we find that the motion should be denied.

An appropriate Order will issue.