The ATCHISON, TOPEKA AND SANTA
FE RAILWAY CO., Plaintiff,

v.

MATCHMAKER, INC., et al.,
Defendants.

No. 83–K–2404.

United States District Court,
D. Colorado.

Aug. 1, 1985.

Peter J. Crouse, M. Tracy James, Denver, Colo., for plaintiff.

Thomas J. Burke, Jones, Meiklejohn, Kehl and Lyons, Denver, Colo., Ronald N. Cobert, Robert L. Cope, Andrew M. Danas, Grove, Jaskiewicz, Gilliam, and Cobert, Washington, D.C., for defendant.

Patrick A. Nielson, Boca Raton, Fla., for defendants Castle and Cooke.

## MEMORANDUM OPINION
## AND ORDER

KANE, District Judge.

Pursuant to Rule 60(b), Fed.R.Civ.P., defendant Matchmaker, Inc. moves to vacate the default judgment entered against it on May 15, 1985. Plaintiff responds with a motion to dismiss defendant's motion to vacate default judgment, and strike it as well as Matchmaker's tendered answer.

### I

Plaintiff AT & SF filed the underlying action on December 13, 1983, to collect unpaid detention charges purportedly owed it by defendants Matchmaker and Castle & Cooke, Inc. Approximately one month later plaintiff amended its complaint and served Matchmaker pursuant to Rule 4(d)(3), Fed.R.Civ.P., by personal service on its manager, Larry Hawkman. Matchmaker neither answered nor otherwise responded to plaintiff's complaint, AT & SF filed a motion for entry of default judgment. On May 14, 1985, I granted plaintiff's motion.

The clerk of the court entered judgment the following day.

Matchmaker received a copy of the default judgment in a demand letter from plaintiff dated June 6, 1984. Over one month passed before Matchmaker forwarded the matter to its attorney. Matchmaker acknowledged in its transmittal letter to counsel that, "we are quite late in soliciting your help in this matter, but please do what you can". (Letter dated 7/11/84).

Eleven more months passed before defendant Matchmaker filed the instant motion to vacate the default judgment against it. In support of its motion, Matchmaker propounds three arguments: (1) that plaintiff's attorney misrepresented to defendant's corporate office manager, Robert Brown, that AT & SF would not prosecute the case against Matchmaker, Rule 60(b)(3); (2) that Matchmaker's failure to appear must be ascribed to mistake, inadvertence, surprise or excusable neglect within the scope of Rule 60(b)(1); or (3) that Matchmaker is entitled to relief under the equitable provisions of Rule 60(b)(6).

Plaintiff contends that defendant is not entitled to relief under any Rule 60(b) theory. First, AT & SF maintains that Matchmaker's motion was not filed with in a reasonable time after entry of judgment. It also denies that plaintiff's counsel misrepresented to Matchmaker that AT & SF did not intend to pursue its claims against defendant. Finally, AT & SF urges that Matchmaker has failed to establish mistake, inadvertence, surprise, or excusable neglect under Rule 60(b)(3) or a sufficient basis for granting equitable relief under Rule 60(b)(6).

### II

Rule 60(b) is an extraordinary procedure. *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir.1983). It permits relief from a final judgment where a movant establishes: (1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud, misrepresentation or other misconduct of an adverse party; or (6) any other reason

justifying relief. But Rule 60(b) motions must be made with in a reasonable time, and for reasons (1) and (3) not more than one year after the judgment was entered. Fed.R.Civ.P. 60(b). In addition, a movant must demonstrate the existence of a meritorious defense. *Gomez v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970). This requirement is designed to deter frivolous litigation in default cases. *In re Stone*, 588 F.2d 1316 (10th Cir.1978). Failure to satisfy all of these elements bars relief under the rule.

■ There are special policy considerations at play when the motion involves a default judgment. *Cessna, supra* at 1445. Specifically, that courts favor resolution of disputes on their merits. As a result,

> [t]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection.

*Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir.1980) (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.Cir.1970) ). Because courts do not favor default judgments, Rule 60(b) motions are liberally construed "when substantial justice would thus be served." *Thompson v. Kerr-McGee Refining Corp.*, 660 F.2d 1380, 1385, (10th Cir. 1981), *cert. denied* 455 U.S. 1019, 102 S.Ct. 1716, 72 L.Ed.2d 137 (1982).

■ Based upon these requirements and policy considerations, I find that Matchmaker's motion to vacate judgment fails to demonstrate a justification for relief. Accordingly, I deny defendant's motion to vacate the default judgment and grant plaintiff's motion to dismiss and to strike.

■ Both parties have submitted affidavits concerning Matchmaker's allegation that plaintiff's counsel, Mr. Paul Franke, misrepresented AT & SF's intent to prosecute the case against defendant. After carefully reviewing them I am not persuaded that such a misrepresentation occurred. Mr. Franke's affidavit substantiates in detail the nature of his communications and correspondence with Matchmaker's agents. In contrast, Mr. Robert Brown, corporate office manager of Matchmaker, makes vague and general assertions that Mr. Franke led him to believe that "Matchmaker did not have to be concerned about the litigation." While it is conceivable that Mr. Brown concluded that Matchmaker had no obligation to file a response to the complaint, I cannot find based upon the evidence before me that his conclusion stemmed from any misrepresentation or misconduct by opposing counsel. The evidence reveals that his conclusion stemmed from his own poor judgment to handle the case himself. Neither a movant's ignorance of the law nor a mistake in judgment can transform an innocent party's statements into misrepresentations and misstatements under Rule 60(b)(3).

■ I further hold that defendant is not entitled to set aside the default judgment based upon mistake, inadvertence, surprise, or excusable neglect. Fed.R.Civ.P. 60(b)(1). It is well-established that failure to seek advice of counsel does not constitute excusable neglect. *Cessna, supra* at 1446; (*see also* cases cited therein). In the absence of unusual or compelling circumstances, courts rarely diverge from this rule. I find no such circumstances here and subscribe to the basic rule. Matchmaker's corporate office manager, Mr. Brown, cannot be characterized as an unsophisticated businessman. Although he may not have known the specific legal consequences of the case, it is impossible to believe that a man in his position would be so inexperienced as to fail entirely to appreciate the potential exposure of a lawsuit. The evidence simply does not support a finding that Brown was an unsophisticated litigant. Rather, I am convinced that he made a deliberate and calculated decision to handle the dispute himself. He did not contact his attorney upon receipt of the complaint or the default judgment. Instead, Brown called opposing counsel himself to determine the nature of

the claims. And it was only after Larry Hawkman, manager of Matchmaker, prompted him to forward the file to corporate counsel that Brown reluctantly relinquished control of the case. Brown's error in judgment in not informing his attorney sooner about the action is not a justifiable basis for relief under Rule 60(b)(1).

■ Matchmaker also argues that opposing counsel is responsible for defendant's neglect and surprise; alternatively, it insists that equitable principles dictate that the default judgment be set aside for lack of notice. Fed.R.Civ.P. 60(b)(1) and (6). I disagree. Neither the law nor the facts support its position. First, I find that plaintiff had no obligation or duty to notify defendant of its motion for default judgment under these circumstances. Rule 55(b)(2), Fed.R.Civ.P., only requires notice where the party against whom judgment by default is sought has appeared in the action. Neither Matchmaker nor its attorney filed an entry of appearance or an answer before entry of the default judgment. Consequently, defendant cannot now be heard to complain that plaintiff failed to provide it with adequate notice. Nor does the caselaw cited by Matchmaker support its position. Even the most creative reading of *Winfield Associates, Inc. v. W.L. Stone Cipher*, 429 F.2d 1087, 1091 (10th Cir.1970) and *Wilson v. Winstead*, 84 F.R.D. 218 (E.D.Tenn.1979) fails to substantiate Matchmaker's argument. I caution defense counsel to be more precise in their citation of authority as their brief treads a most delicate line between dissimilitude and distortion.

Even if I were to find that Matchmaker established a justifiable claim for relief, I would still be unable to set aside the default judgment because defendant's motion was not filed within a reasonable time. Rule 60(b) requires that all applications for relief be filed within a reasonable time. That question in turn depends upon the facts and circumstances of each case, "taking into consideration the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and prejudice to other parties."

*Planet Corp. v. Sullivan*, 702 F.2d 123, 126 (7th Cir.1983).

In the instant case I am concerned with the 365 days of unexplained delay in seeking relief. Matchmaker filed its motion to vacate default judgment almost one year after the entry of judgment against it. Yet defendant offers absolutely no explanation or excuse for its dilatory action. Assuming Matchmaker can legitimately account for the period of time running from the filing of the complaint until it sought the assistance of counsel, the next 10 months remain a mystery. I find that such gross neglect and delay is not reasonable under these circumstances and therefore bars relief under Rule 60(b).

Having already concluded that Matchmaker has failed to establish justification for relief and to file for relief within a reasonable time after entry of judgment, I decline to consider the third separate Rule 60(b) requirement of a meritorious defense.

IT IS THEREFORE ORDERED THAT:

1. Defendant Matchmaker's motion to vacate default judgment is denied.

2. Plaintiff's motion to dismiss defendant's motion to vacate default judgment, to strike it as well as defendant's answer and amended answer is granted.