FEDERAL SAVINGS AND LOAN IN-
SURANCE CORPORATION, as Receiv-
er for Sun Belt Federal Bank, F.S.B.,
Plaintiff–Appellee,

v.

Frederick H. KROENKE, Jr.,
Defendant–Appellant.

No. 87–3860
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1988.

Frederick H. Kroenke, Jr., Baton Rouge, La., pro se.

Bruce Schewe, New Orleans, La., for plaintiff-appellee.

Before CLARK, Chief Judge,
JOHNSON and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Frederick H. Kroenke, Jr. appeals the denial of his Motion to Alter or Amend Judgment Denying Motion for Relief from Entry of Default. We affirm.

### I

In February 1987, the Federal Savings & Loan Insurance Company ("FSLIC"), as receiver for Sun Belt Federal Bank, F.S.B. ("Sun Belt"), filed a complaint against Kroenke, seeking (1) a money judgment; (2) the recognition and maintenance of its mortgage and lien rights in and to certain immovable property; (3) the issuance of a Writ of Sequestration, causing the seizure of the mortgaged property pending the outcome of the litigation; (4) the appointment of FSLIC as the keeper of the mortgaged property; and (5) all other general and equitable relief to which it might be entitled.

On May 8, 1987, a copy of the summons and a copy of the complaint were served on Kroenke. Late in May, counsel for Kroenke made contact with counsel for FSLIC to request an informal extension of time in which to plead. FSLIC acknowledged on May 28, 1987 that it would take no action adverse to Kroenke for fifteen days thereafter.

In a letter dated June 26, 1987, Kroenke sent FSLIC a settlement proposal which concluded: "As we have agreed, I will not take any action in the above referenced matter while we are attempting to settle this matter without the necessity of litigation." Counsel for FSLIC denies by affidavit dated August 24, 1987, that any "agreement" in the form of an indefinite extension of time to plead was ever reached.

The parties differ on whether counsel for FSLIC made attempts to contact Kroenke's counsel to notify him that he should file a responsive pleading to FSLIC's complaint. Counsel for FSLIC states that on at least two occasions he attempted unsuccessfully to contact counsel for Kroenke by telephone to inform him that he would not agree to any period of inaction by Kroenke, but those calls were never returned. Counsel for Kroenke, also by affidavit, insists that no calls were received. At any rate, on July 6, 1987, the district court, *sua sponte*, directed Kroenke, himself an attorney, to file an answer or other pleading within ten days. If no answer were filed, the order stated, a default would be entered against him. On July 23, 1987, FSLIC moved for entry of default. The clerk of the court entered a preliminary default, and on July 27, 1987, the default judgment was confirmed.

On July 28, 1987, Kroenke filed a motion for relief from the default judgment, supported by an affidavit and memorandum setting forth his version of the facts. On September 11, the court denied the motion, and on September 18, Kroenke moved to alter or amend the September 11 judgment.

On October 14, 1987, the district court granted FSLIC's motion to correct the default judgment. The corrected judgment recognized FSLIC's mortgage and lien

rights in the property at issue and provided for judgment "in the amount of $133,296.29 plus interest ... and reasonable attorneys' fees to be fixed at a later date" rather than "the sum of $166,620.36 dollars with interest" as provided in the original default judgment.

On October 20, 1987, the district court denied Kroenke's motion to alter or amend its September 11 judgment. Kroenke filed this timely appeal, arguing that the district court abused its discretion in denying his motion to alter or amend.

## II

■ Because Kroenke raises the question, we first note that under *Budinich v. Becton Dickinson and Co.*, a judgment on the merits is a "final decision" for purposes of section 1291, even though a claim for attorneys' fees is still pending, and regardless of whether attorneys' fees are deemed part of the merits. —— U.S. ——, 108 S.Ct. 1717, 1720–22, 100 L.Ed.2d 178 (1988). *See generally Cobb v. Miller*, 818 F.2d 1227 (5th Cir.1987). This court therefore has jurisdiction to decide this appeal.

## III

### A.

Kroenke argues that the district court abused its discretion in denying his motion for relief from both entry of default and from judgment of default under Fed.R. Civ.P. 55(c) and/or 60(b). Fed.R.Civ.P. 55(c) provides that "For good cause shown the court may set aside an entry of default and, if a judgment of default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed.R.Civ.P. 60(b) provides in relevant part that "the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... or (6) any other reason justifying relief from the operation of the judgment."

The Sixth Circuit has held that the same factors controlling the decision of a Rule 55(c) motion to set aside entry of default

also apply to relief from the judgment under Rule 60(b). *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 843–45 (6th Cir.1983) ("[w]hen relief is sought only from the entry of default, the standard is 'good cause,' and when relief is also sought from the entry of a judgment by default the 'reasons' set forth in Rule 60(b) may supply the good cause"). This is certainly a reasonable construction of the term "likewise" in Rule 55(c). Other courts have held that the standard for relief for "good cause" in cases of entry of default is more liberal than the standard for relief from a default judgment. *See Phillips v. Weiner*, 103 F.R.D. 177 (D.C.Me.1984); *Meehan v. Snow*, 652 F.2d 274 (2d Cir.1981); *Moran v. Mitchell*, 354 F.Supp. 86 (D.C.Va.1973); *Whitman v. U.S. Lines, Inc.*, 88 F.R.D. 528 (Tex.D.C.1980).

■ In reviewing Kroenke's claims, we need not decide whether the Rule 55(c) "good cause" standard, as it relates to entry, and the reasons justifying relief from judgment under Rule 60(b) are equivalent. Review by a court of appeals of an appeal from an order refusing to reopen default is limited to the question whether the district court abused its discretion, and, as we further explain, we find no abuse of discretion in the district court's denying relief under either 55(c) or 60(b). *See United States v. One 1978 Piper Navajo PA–31 Aircraft*, 748 F.2d 316, 318 (5th Cir.1984); *Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir.1982).

### B.

■ Rule 60(b) permits relief for mistake, inadvertence, surprise, or excusable neglect, among other reasons. To merit relief, a party must show that its failure to file a timely answer or otherwise defend resulted from justifiable neglect and that a fair probability of success on the merits existed if the judgment were to be set aside. *One 1978 Piper Navajo*, 748 F.2d at 318–19. Courts generally look at three factors in ruling on a motion to set aside a default judgment under Rule 60(b)(1): (1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted de-

fense; and (3) the culpability of the defendant's conduct. *Hibernia National Bank v. Administracion Central Sociedad Anonomia,* 776 F.2d 1277 (5th Cir.1985).

FSLIC does not allege that it will be prejudiced by the delay in collecting the judgment from Kroenke should the default judgment be set aside; even if it had, the possibility of prejudice from delay is not sufficient in itself to require denial of Rule 60(b)(1) motion. *Id.* at 1280.

■ Looking at the second factor, Kroenke asserts four potential defenses in his motion to alter or amend the default judgment: usury; oral modification of his debt with a Sun Belt officer; FSLIC's failure to negotiate and settle the account in good faith; and unreasonable attorneys' fees provisions. These defenses were never asserted in Kroenke's motion to set aside the default judgment, but were first asserted in his motion to amend. In any event, they are meritless. First, La.R.S. 9:3509 (1983) prohibits a debtor in a commercial transaction from asserting usury as a defense, and the loan to Kroenke was to be used to acquire rental property—a commercial purpose. Second, oral agreements between debtors and banks are ineffective against the FDIC or FSLIC as a receiver. *FDIC v. Langley,* 792 F.2d 541 (5th Cir.1986), *aff'd* — U.S. —, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987); *FSLIC, as Receiver for Sun Belt Federal Bank, F.S.B. v. Lafayette Investment Properties, Inc.,* 855 F.2d 196 (5th Cir.1988) (the common law D'Oench, Duhme doctrine applies to FSLIC as well as the FDIC); 12 U.S.C. § 1823(e) (codification of the D'Oench, Duhme doctrine). Kroenke's third proffered defense that FSLIC failed to negotiate with him in good faith to settle his account is unsupported by any cited authority and unsubstantiated by the record. Although some negotiations did occur, whether they were in good or bad faith is irrelevant to a defense on the merits of the underlying claim. The rejection of a settlement offer cannot present Kroenke with a defense on the merits of his loan default. Kroenke's fourth asserted defense, that imposition of twenty-five percent attorneys' fees in the default judgment was unreasonable and therefore improper, has been mooted by the granting on October 14, 1987 of FSLIC's motion to correct the default judgment to replace the $166,620.36 original judgment with a judgment calling for "$133,296.29 plus interest ... and reasonable attorneys' fees to be fixed at a later date." The attorneys' fee award was amended out of the judgment in the light of the Louisiana Supreme Court's ruling in *Central Progressive Bank v. Bradley,* 502 So.2d 1017 (La.1987) (per curiam), regulating stipulated fees, and Kroenke cannot be heard to complain of a judgment corrected to his benefit.

■ We now turn to the last of the three factors in determining whether Kroenke is entitled to relief from the default judgment, that is, his culpability in allowing a default judgment to be entered against him. Kroenke argues that his just cause for failing to file a responsive pleading resulted from the informal extension and settlement negotiations between the parties, which led him to believe that no adverse actions would be taken against him until settlement negotiations had ended. He submits that his reliance meets the "excusable neglect" or "surprise" standard of Rule 60(b) because it is the "custom" for an attorney and officer of the court to inform his opposing counsel when verbal understandings between them are modified or terminated. FSLIC in its turn argues that Kroenke was never told by FSLIC that FSLIC would refrain from taking actions beyond fifteen days following May 28, 1987, and Kroenke's offer of settlement had been rejected by FSLIC three weeks prior to the notice of default; furthermore, the FSLIC contends, no such custom or policy exists, and certainly no custom or practice would allow a defendant to ignore a direction of the court to answer within a certain time or face a judgment by default, as the court directed Kroenke in its July 6, 1987 order.

It is clear to us that the defendant's argument here that his reliance on vague understandings with FSLIC resulted in "surprise" or "excusable neglect" is meritless. Kroenke himself was an attorney, and whatever may have been his agreement with opposing counsel, he offers no

reason, explanation or justification for ignoring the express admonition of the district court to file a responsive pleading within ten days or have a preliminary entry of default entered against him.

C.

The district court in initially denying Kroenke's motion to set aside the default judgment found that

> there is simply no evidence to support a finding of excusable neglect or mistake which would entitle [Kroenke] to have the court set aside the order of default ... the defendant had more than ample time within which to file a response. The custom and procedure is very clear. If a party seeks an additional time within which to respond, a formal motion for extension of time must be granted by the court. Informal agreements between the parties carry no weight with this court.

The district court denied Kroenke's later motion to alter or amend judgment for the same reasons. Just as we are unable to say that the district court abused its discretion in finding no evidence to support Kroenke's claim of excusable neglect or surprise under Rule 60(b), for the same reasons we have already discussed—the lack of any merit in Kroenke's asserted defenses, and the lack of any surprise or excusable neglect on his part—we also cannot say that the district court abused its discretion in finding no "good cause" to grant Kroenke relief from the entry of default under Rule 55(c), even if that standard is less restrictive than that under Rule 60(b).

Furthermore, Kroenke's argument that he has demonstrated the "good cause" required under Rule 55(c) by showing that he was somehow misled by opposing counsel, fails because Kroenke was explicitly directed by the court on July 6, 1987 to file a responsive pleading with the court within ten days. As an attorney, Kroenke knew what was expected of him and has no excuse for not following the express instruction of the court. Thus it is clear to us that the district court did not abuse its discretion in rejecting Kroenke's "good cause" argument and entering an order of default against him.

D.

Finally, we address Kroenke's additional contention that he is entitled to relief from the entry of default against him because the district court entered default on July 27, 1987, before expiration of the three-day notice period provided in Fed.R. Civ.P. 55(b)(2). We reject this argument because, as FSLIC points out, three days' notice prior to the hearing on an application for a default judgment need only be given to a party or his representative who has appeared in the action, and neither Kroenke nor a representative of his had appeared in this action before the entry of default was made.

IV

In conclusion, we find no abuse of discretion in the district court's denial of his motion to alter or amend judgment denying motion for relief from entry of default. Accordingly, the denial of Kroenke's motion to alter or amend is

AFFIRMED.