**Candace VANASSE, Petitioner,**

v.

**William J. RAMSAY, M.D. and Teton Eye Clinic, Respondents.**

**No. 92–85.**

Supreme Court of Wyoming.

Feb. 26, 1993.

James R. McCarty, Casper, for petitioner.

John C. Brooks and John I. Henley of Vlastos, Brooks & Henley, P.C., Casper, for respondents.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT* and GOLDEN, JJ.

GOLDEN, Justice.

A Writ of Certiorari was granted petitioner, Candace Vanasse, to consider two specific issues regarding the district court's order setting aside an entry of default and a default judgment in favor of petitioner. Our answers to these questions demand a reversal of the district court's order.

## ISSUES

This court granted a Petition for Writ of Certiorari to answer the following questions:

1. Whether Wyo.R.Civ.P. 55(b), in an application for a judgment after an entry of default, requires a formal, written document that informs the Court of the relief being sought, or whether it merely requires an oral request to the court for a hearing and permission to put on evidence?

2. Once the district court enters a judgment by default under Wyo.R.Civ.P. 55(b), whether the court can subsequently vacate or amend the judgment earlier entered?

* Retired January 1, 1993.

## FACTS

Candace Vanasse was treated by W.J. Ramsay, M.D., through the Teton Eye Clinic from May 1989 through January 1990 for vision problems, diagnosed as glaucoma in her left eye. At the beginning of her treatment, the petitioner's visual acuity was 20/20. As the treatments progressed, petitioner's condition deteriorated, and Dr. Ramsay performed laser surgery on her left eye in late December 1989. Following the surgery, petitioner experienced bleeding in her eye, continued pressure and cosmetic damage giving her a droopy, glassy looking "fish eye." Vanasse was subsequently referred to a physician in Utah, and a second surgery was performed to relieve the pressure. The visual acuity in her left eye is now permanently 20/200, which is considered legal blindness.

Ms. Kathleen Sutton, a liability claims representative for Midwest Medical Insurance Company, insuring W.J. Ramsay, M.D., and Teton Eye Clinic (defendants), was first notified of the potential claim by letter from petitioner's attorney on April 29, 1991. Correspondence and settlement negotiations ensued between the parties. On November 13, 1991, Vanasse filed an action claiming medical negligence on the part of Dr. Ramsay and Teton Eye Clinic. Petitioner sought damages for expenses for medical care and treatment; past, present and future pain and suffering; loss of wages and earning capacity; permanent scarring; disability; disfigurement; loss of vision in her left eye; and loss of enjoyment of life. Defendants were served with a summons and the complaint on November 19, 1991, with notice of the twenty-day limit in which to file an answer. On December 13, 1991, petitioner's counsel informed Sutton of names of potential defense counsel to obtain in Wyoming. No answer or pleading was filed by either defendant; consequently, petitioner sought default which was entered against the defendants by the clerk of court on December 24, 1991. In late December, petitioner's counsel contacted the district court judge by telephone to arrange a default judgment

hearing. On January 2, 1992, petitioner filed an affidavit with attached exhibits to support her claim for damages against defendants. Upon consideration of the entry of default and Vanasse's affidavit and testimony in court, the district court judge entered a default judgment on January 2, 1992, against defendants for $500,000, plus costs. In entering the judgment, the court found:

1. There has been proper service upon each of the Defendants.

2. Both Defendants are now in default for having failed to answer or otherwise plead to the Complaint.

3. *The Plaintiff has made proper application for Judgment under the provisions of Rule 55(b)(2), Rules of Civil Procedure.* (emphasis added).

On January 2, 1992, forty-four days after the complaint had been served, Sutton contacted Wyoming counsel for representation; six days later she mailed to counsel all materials concerning the case. These materials were received by counsel on January 14. On January 17, 1992, defendants filed an answer to petitioner's complaint and a motion to set aside the entry of default and the default judgment, pursuant to Rules 55(c) and 60(b) of the Wyoming Rules of Civil Procedure.[1] The district court issued an Order Setting Aside Default Judgment and Default on April 27, 1992, with the following specific findings:

14. Ms. Sutton acted very casually and carelessly in her handling of this matter on behalf of the insurance company and the Defendants.

15. Rule 55(a)(ii) W.R.C.P. provides the requirement for the Plaintiff to obtain a default judgment in this matter:

"... The party entitled to a judgment by default *shall apply to the Court therefor* (emphasis added); ..." [emphasis in original].

\* \* \* \* \* \*

The Rule further provides that for good cause showing the Court may set aside an entry of default and if a judgment by default has been entered, may likewise

set it aside *in accordance with Rule 60(b)*.

16. Rule 60(b) W.R.C.P. provides for the following grounds for setting aside a default judgment applicable to this case: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) any other reason justifying relief from the operation of the judgment.

\* \* \* \* \* \*

22. A litigant is not necessarily entitled to relief under Rule 60(b)(vi) (exceptional circumstances) solely because his counsel was grossly negligent. *Hochhalter v. Great Western Enterprises*, 708 P.2d 666 (Wyo.1985). This Court takes the position that if it would not apply to gross negligence of an attorney, it certainly would not apply to gross negligence of an insurance company.

23. An appearance in an action involves some submission or presentation to the Court by which a party shows his intention to submit himself to the jurisdiction of the Court. *Hochhalter v. Great Western Enterprises*, 708 P.2d 666 (Wyo. 1985). There was no such appearance by the Defendants in this matter prior to the entry of the Default Judgment.

24. Settlement discussions well before the Complaint was filed do not constitute an appearance under Rule 55(b)(ii).

25. A motion for relief from a judgment for mistake, inadvertence, surprise, or excusable neglect must clearly [be] substantiated by adequate proof, and the burden is on the movant to bring himself within the Rule. [citation omitted] *There has been no such showing in this case by the Defendants.*

26. A party in default is generally required to demonstrate a meritorious defense to an action as a prerequisite to vacating a default judgment. *U.S. Aviation, Inc., v. Wyoming Avionics*, 664 P.2d 121 (Wyo.1983). The Defendants have shown the existence of a meritorious defense in this action.

\* \* \* \* \* \*

---

**1.** Defendants' motion actually cites Rule 66(b), but the trial court's analysis of the motion was

under Rule 60(b); and we view this as clerical error by defendants.

29. To "apply" has been defined as to make a formal request or petition, usually in writing to a court for the granting of some order. Black's Law Dictionary.

30. The Plaintiff made no application in a formal sense for a judgment by default in this matter. That requirement under the Rule is mandatory and is deemed by this Court to be fatally defective and therefore does not require the Court to consider any other reasons for setting aside the default in this case. (emphasis added).

Petitioner requested a rehearing claiming that proper application had been made to the court for judgment and that even if she failed to do so, the procedural error should only affect the judgment and not the entry of default which was prior to any supposed error. The court denied the motion on May 1, 1992. Petitioner then sought a writ of certiorari to issue against the district court judge which was granted by this court.

## STANDARD OF REVIEW

The district court granted defendants relief from the entry of default and the default judgment by applying Wyo.R.Civ.P. 55(c) and 60(b). We recognize the wide discretion of the trial court under these rules and note that that discretion will not be disturbed "unless appellant demonstrates that the trial court abused it and was clearly wrong." *Claassen v. Nord,* 756 P.2d 189, 193 (Wyo.1988). In considering our standard of review for motions made under Rule 60(b), we have said:

> The granting of relief under this subdivision [Rule 60(b)(1)] is a matter of the exercise of discretion by the trial court, and appellate review is limited to the question of whether the trial court abused its discretion. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., 664 P.2d 121 (1983).

*Carlson v. Carlson,* 836 P.2d 297, 301 (Wyo.1992) (quoting *S.C. Ryan, Inc. v. Lowe,* 753 P.2d 580, 582 (Wyo.1988)). *See also, Spitzer v. Spitzer,* 777 P.2d 587, 592 (Wyo.1989); *State ex rel. TRL by Avery v. RLP,* 772 P.2d 1054, 1057 (Wyo.1989);

*Claassen,* 756 P.2d at 193; *Hochhalter v. Great Western Enter.,* 708 P.2d 666, 668 (Wyo.1985); *Booth v. Magee Carpet Co.,* 548 P.2d 1252, 1254 (Wyo.1976).

We have stated:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986) (citation omitted). We agree that "[a]n abuse of discretion need [not] be glaring to justify reversal." *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989). Sound discretion must be applied so as to "give effect, 'not * * * to the will of the judge, but to that of the law.'" *Federal Enter. v. Frank Allbritten Motors,* 16 F.R.D. 109, 112 (W.D.Mo.1954).

We note that:

> Judicial discretion is necessarily broad—but it is not absolute. Abuse occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed, but the court makes a serious mistake in weighing them.

*Coon,* 867 F.2d at 78 (quoting *Independent Oil & Chem. Workers v. Procter & Gamble Mfg.,* 864 F.2d 927, 929 (1st Cir.1988)) (citations omitted).

## DISCUSSION

The district court set aside both the entry of default and the default judgment previously issued against defendants. It may be helpful initially to recognize the difference between these two judicial acts. In this pursuit, we find our discussion in *Spitzer* to be of assistance:

> The distinction between an entry of default and a default judgment must here be recognized. Entry of default is normally a clerical act which may be performed by the clerk of court, and it does not constitute a judgment. The entry of default generally forecloses the party found to be in default from making any

further defense or assertion with respect to liability or an asserted claim. Although the entry of default generally establishes the fact of liability according to the complaint, it does not establish either the amount or the degree of relief.

The default judgment, on the other hand, in addition to the fact of liability, defines the amount of liability or the nature of the relief. This is generally done separately from the entry of default. Only in those situations where the damages sought are liquidated and claimed in the complaint may the court grant relief without further proceedings.

*Spitzer,* 777 P.2d at 592 (citations omitted).

The district court's authority to set aside an entry of default and a default judgment is found in the following Wyoming Rules of Civil Procedure:

**Rule 55. Default.**

(a) *Entry.*—When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

(b) *Judgment.*—Judgment by default may be entered as follows:

*　*　*　*　*　*

(2) By the Court.—In all other cases the party entitled to a judgment by default shall apply to the court therefor;
* * *.

(c) *Setting aside default.*—For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**Rule 60. Relief from judgment or order.**

(b) *Other reasons.*—On motion, and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: *(1) mistake, inadvertence, surprise, or excusable neglect; * * * or (6) any other reason justifying relief from the operation of the judgment.*

Wyo.R.Civ.P. 55(a),(b)(2) and (c) and 60(b) (emphasis added).

When we consider the propriety of default judgments, we must acknowledge:

Two competing policy considerations guide a decision to set aside a default judgment. The justice system and litigants have an interest in the finality of judgment and efficiency in litigation. However, this court has long recognized that "default judgments are not favored in the law" and "[i]t is preferable that cases be tried on their merits."

*Carlson,* 836 P.2d at 301 (citations omitted). But, given a proper case, we will recognize the propriety of a default judgment. *Spitzer,* 777 P.2d at 591 (citing *Mora v. Husky Oil Co.,* 611 P.2d 842, 849 (Wyo.1980)). A fundamental consideration in making this determination is the "factual behavior of the parties." *Booth,* 548 P.2d at 1255.

We examine first the district court's order setting aside the default judgment under the guidelines of Wyo.R.Civ.P. 60(b). We have said:

A Rule 60(b)(1) motion must be clearly substantiated by adequate proof; the burden is on the movant to bring himself within the rule. *Atkins v. Household Finance Corp. of Casper,* 581 P.2d 193 (1978). An individual, in view of the foregoing, has no absolute right to have a default judgment set aside. *Booth v. Magee Carpet Co.,* supra.

*U.S. Aviation, Inc. v. Wyoming Avionics, Inc.,* Wyo., 664 P.2d 121, 126 (1983). The movant must have "established one of the enumerated grounds for relief" as well as "demonstrated a meritorious defense." *Carlson,* 836 P.2d at 301.

■ We find a number of reasons why the district court should not have set aside the default judgment in this case, the first being that the defendants did not bring themselves within Rule 60(b) as required by *U.S. Aviation.* The district court reiterated the reasons acceptable under 60(b)(1) and found there to be "no such showing in this case by the Defendants." Defendants argue primarily that the on-going settle-

ment negotiations excuse the failure to file an answer until fifty-nine days after petitioner's complaint was filed and constitute "excusable neglect" or "surprise" under Rule 60(b). We find, as did the district court, that defendants cannot support this claim. *See, Matter of Injury to Seevers,* 720 P.2d 899, 903 (Wyo.1986) ("failure to consult an attorney for nearly two months is not such excusable neglect as would justify relief"); *Booth,* 548 P.2d at 1254 (failure to hire an attorney until 53 days following service of the complaint would not constitute excusable neglect); *Zuelzke Tool and Eng'g v. Anderson Die Castings,* 925 F.2d 226, 229 (7th Cir.1991) ("where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted"); *United States v. Topeka Livestock Auction, Inc.,* 392 F.Supp. 944, 950–51 (N.D.Ind.1975) ("[I]t has been said that ongoing settlement negotiations are not a sufficient reason for a failure to file an answer."); *Fed. Sav. and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067, 1071 (5th Cir.1988) (claim of "surprise" or "excusable neglect" was meritless where party failed to file an answer in reliance upon settlement negotiations); *Atchison, Topeka and Santa Fe Ry. v. Matchmaker Inc.,* 107 F.R.D. 63, 65 (1985) ("It is well established that failure to seek advice of counsel does not constitute excusable neglect."); *Asso. Press v. J.B. Broadcasting,* 54 F.R.D. 563, 564 (1972) (no adequate excuse shown for failure to refer matter to counsel). We hold that "[s]tatutes should not be construed to be meaningless" and we would be "stretching reality to the breaking point to find mistake, inadvertence, surprise, or excusable neglect." *U.S. Aviation,* 664 P.2d at 126.

"[T]he movant must of course establish that his cause has merit but he must further come within the statutory scheme of Rule 60(b)." *Hochhalter,* 708 P.2d at 672 (quoting *United States v. Cirami,* 535 F.2d 736, 742 (2d Cir.1976)). Since defendants have failed to do so, we need not decide whether a meritorious defense has been established.

■ Considering the "catch all" clause of Rule 60(b)(6) that a judgment may be set aside for "any other reason justifying relief," we note that this means shall be utilized "only if extraordinary circumstances are present." *Bailey v. Ryan Stevedoring Co.,* 894 F.2d 157, 160 (5th Cir. 1990); *See also, Picco v. Global Marine Drilling Co.,* 900 F.2d 846, 851 (5th Cir. 1990). In analysis of this clause, we have held that where an attorney was grossly negligent in his representation, the litigant was not necessarily entitled to relief under 60(b)(6). *Hochhalter,* 708 P.2d at 669–70. The district court, citing *Hochhalter,* added that relief under 60(b)(6) "certainly would not apply to the gross negligence of an insurance company." We agree.

■ Finally, we briefly address the three-factor test we applied in *Carlson.* There, we noted that some federal courts have employed the following:

> The decision on a Rule 60(b) motion to set aside entry of a judgment by default is controlled by three factors: "1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default."

*Carlson,* 836 P.2d at 301–02 (quoting *Amernational Indus., Inc. v. Action–Tungsram, Inc.,* 925 F.2d 970, 976 (6th Cir.1991)). (We note that these factors have also been applied to determine whether the "good cause" standard of a 55(c) motion has been met. *See* 6 James William Moore, FEDERAL PRACTICE § 55.10[2] (1991).

Defendants received service of the complaint on November 19, 1991, and did not file an answer until January 17, 1992, fifty-nine days later. Sutton had been a liability claims representative for the last nine years and yet "acted very casually and carelessly in handling of this matter in behalf of the insurance company and the Defendants." Defendants, through the insurance company, showed culpable conduct in failure to file a responsive pleading within the twenty-day time limit allowed under Wyo.R.Civ.P. 12(a). We need not reach the other factors of this test because the defen-

dants' "culpable conduct was responsible for the entry of the default judgment in this case." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 690 (9th Cir.1988). (We note, however, that a meritorious defense will almost always lie in a negligence case but do not find this to be pivotal. Likewise, whether petitioner relied on the judgment to her prejudice is immaterial because of our finding of culpability.)

■ We turn now to the propriety of the trial court's order setting aside the default as entered. Wyo.R.Civ.P. 55(c) enables the trial court to set aside an entry of default "for good cause shown." In analyzing the requirement of good cause in this case, we find the following reasoning to be persuasive:

> [T]he same factors controlling the decision of a Rule 55(c) motion to set aside entry of default also apply to relief from the judgment under Rule 60(b). *United Coin Meter v. Seaboard Coastline RR.*, 705 F.2d 839, 843–45 (6th Cir.1983) ("[w]hen relief is sought only from the entry of default, the standard is 'good cause,' *and when relief is also sought from the entry of a judgment by default the 'reasons' set forth in Rule 60(b) may supply the good cause*"). This is certainly a reasonable construction of the term "likewise" in Rule 55(c).

*Kroenke*, 858 F.2d at 1069 (emphasis added). "[F]actors described in Rule 60(b) are relevant to our determination of whether defendant has shown "good cause." *Spica v. Garczynski*, 78 F.R.D. 134, 135 (1978).

As we read the order of the district court, defendants have supported no claim under Rule 60(b) to warrant that the default judgment be set aside. Nor are we able to discern any support to substantiate such a claim. Employing the reasoning in *Kroenke*, since defendants cannot substantiate reasons under Rule 60(b) for setting aside the default judgment, then "good cause" also does not exist to set aside the entry of default under Rule 55(c). In summation, we ascertain no reasons under Rule 55(c) and 60(b) to set aside the entry of default and the default judgment. We

could reverse the order on this basis alone. However, we turn now to the rationale given by the district court for entering its order:

> 30. The Plaintiff made no application in a formal sense for a judgment by default in this matter. That requirement under the Rule is mandatory and is deemed by this Court to be fatally defective and therefore does not require the Court to consider any other reasons for setting aside the default in this case.

We find this to be a curious statement in light of the findings made by the district court in *granting* the default judgment, specifically:

> 3. The Plaintiff has made *proper application* for Judgment under the provisions of Rule 55(b)(2), Rules of Civil Procedure. (emphasis added).

Defendants argue that Rule 7(b)(1) should be controlling. It states in pertinent part:

> (b) *Motions and other papers.*
>
> (1) *An application to the court for an order* shall be by motion which unless made during a hearing or trial, *shall be made in writing * * *.*

Wyo.R.Civ.P. 7(b)(1) (emphasis added).

We begin analysis of the court's rules by discussing our canons for interpretation. We have said that "[a] rule of this court has the force and effect of a statute, and is to be construed in the same manner as a statute." *Lapp v. City of Worland*, 612 P.2d 868, 874–75 (Wyo.1980) (citations omitted). *See also, Bankers Life Co. v. Nelson*, 56 Wyo. 513, 111 P.2d 136, 140 (1941).

Our well-defined practice of interpreting statutes is applicable to the Wyoming Rules of Civil Procedure. In this endeavor, "we give effect to every word, clause and sentence and construe all components of a statute in pari materia." *City of Laramie v. Facer*, 814 P.2d 268, 270 (Wyo.1991). In doing so, we must be cognizant of the "statutory objective to be accomplished, the problem to be remedied, or the purpose to be served, and then place on the statute a reasonable construction which best achieves the

purpose of the statute, rather than a construction defeating the statutory purpose." *Facer*, 814 at 270, n. 4 (quoting *State v. Burnett*, 227 Neb. 351, 417 N.W.2d 355, 357 (1988)).

*Jackson State Bank v. Homar*, 837 P.2d 1081, 1086 (Wyo.1992).

In reading Wyo.R.Civ.P. 55(b)(2) and (c) and 60(b) in conjunction with 7(b)(1), we must be conscious of the purpose served by the court's ability to impose default. The policy of providing finality to proceedings cannot be overlooked.

Similar in consequences to default are statutes of limitations which are comparable in their finality and concomitant preclusive effect to litigants. Yet they are accepted as necessary in a system that must provide a forum for a diligent party and, at the same time, recognize that litigation cannot be unendingly open. On this issue we have said:

> Statutes of limitation are arbitrary by their very nature and do not discriminate between the just and unjust claim. They are not judicially made but represent legislative and public policy controlling the right to litigate. The statutes operate against even the most meritorious of claims and courts have no right to deny their application.

*Duke v. Housen*, 589 P.2d 334, 340 (Wyo. 1979) (citation omitted). This reasoning has application to the imposition of a default as well.

We note that:

> [T]he default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection. Furthermore, the possibility of a default is a deterrent to those parties who choose delay as part of their litigative strategy.

*H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C.1970). *See also, Chandler Leasing Corp. v. UCC, Inc.*, 91 F.R.D. 81, 83 (1981);

*United Bank of Kuwait PLC v. Enventure Energy*, 755 F.Supp. 1195, 1205 (S.D.N.Y.1989). Default judgments provide a deterrent to delay in judicial proceedings. *Byrd v. Keene Corp.*, 104 F.R.D. 10, 11 (1984). We agree with the view of the Tenth Circuit, which stated:

> [A] workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure. The threat of judgment by default serves as an incentive to meet this standard.

*Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444–45 (10th Cir.1983) (citations omitted).

We note that the traditional disposition regarding default judgments is changing:

> Traditionally, default judgments were strongly disfavored; however, "this court has moved away from the traditional position * * *." The old formulas—a harsh sanction, drastic, should be imposed only as a last resort, for example when other, less drastic remedies prove unavailing, etc.—are still at times intoned. The new practice, however, is different. The entry of a default judgment is becoming * * * a common sanction for late filings by defendants * * *.

*Matter of State Exch. Fin. Co.*, 896 F.2d 1104, 1106 (7th Cir.1990). Though noting it to be a harsh sanction, we have previously upheld the entry of default where a party refused to comply with court ordered discovery. *Spitzer*, 777 P.2d at 592.

The policy of providing finality through deterrence to late filing litigants is achieved by Rules 55 and 60. To read Rules 7(b)(1) and 55(b)(2) as requiring a *written* application to the court for the entry of a default judgment only frustrates this purpose. We look to what rights may be preserved by insistence on this requirement and find that there are none. The only possibility may be found in the notice provision of Rule 55(b)(2). But only where a litigant has made an appearance indicating a desire to defend the suit is notice of

the impending judgment provided under the rule. Specifically, the rule states:

> (2) If the party against whom a judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least three days prior to the hearing on such application.

Wyo.R.Civ.P. 55(b)(2).

▬▬ On the issue of what constitutes an appearance, we have said, "An appearance in an action involves some submission or presentation to the court by which a party shows his intention to submit himself to the jurisdiction of the court." *Hochhalter*, 708 P.2d at 671 (quoting *U.S. Aviation*, 664 P.2d at 124). A party "will be deemed to have appeared * * * when contacts between the parties clearly demonstrate an intent to defend." *Hochhalter*, 708 P.2d at 672. *See also, Sanford v. Arjay Oil Co.*, 686 P.2d 566, 571 (Wyo. 1984). Settlement negotiations prior to the filing of a complaint are not sufficient to constitute an appearance under the rule. *Hochhalter*, 708 P.2d at 671. By no stretch of the imagination have defendants made an appearance in this case that would require notice before the entry of a default judgment. In addition, we perceive no reason why the notice requirement could not be met, if indeed it were here required, through anything less than a written application to the court and defendants do not so suggest.

## DISPOSITION

We answer the questions posed to this court in the following manner:

1. Whether Wyo.R.Civ.P. 55(b), in an application for a judgment after an entry of default, requires a formal, written document that informs the Court of the relief being sought, or whether it merely requires an oral request to the court for a hearing and permission to put on evidence?

Answer: An application for a judgment after an entry of default does not require a formal written document under Wyo. R.Civ.P. 55(b).

2. Once the district court enters a judgment by default under Wyo.R.Civ.P. 55(b), whether the court can subsequently vacate or amend the judgment earlier entered?

Answer: Under the facts of this case, the district court may not vacate both the entry of default and the default judgment.

We determine that the trial court abused its discretion in setting aside the default judgment and entry of default when no reasons were found to exist under Rule 60(b) nor "good cause" shown under Rule 55(b)(2). The formality of a written application to the court would serve no other purpose than to frustrate the policy behind the court's discretion to impose a default on a late filing party.

The order of the district court setting aside the entry of default and the default judgment is reversed.

URBIGKIT, Justice, specially concurring.

I concur in the majority opinion, but do not in any regard rest my decision on *Hochhalter v. Great Western Enterprises, Inc.*, 708 P.2d 666 (Wyo.1985). The *Hochhalter* decision was based on clearly contrary national precedent and failed in both logic and justice for Wyoming. At the time of publication, the decision was classified by a state legal organization to be one of the two or three worst decisions by the Wyoming Supreme Court for that year. Although not a participant in the decision, I agreed then that the case was, at best, misplaced in the law and find no absolution in more recent federal and state decisions now available.

I do not perceive that this decision is really a standard of review appellate vehicle either. It is observed that under W.R.C.P. 60(b), some character of real surprise or significant excusable neglect is required to gain a grant of affirmative relief on a motion to set aside entry of a default judgment. *See also* W.R.C.P. 55(c).

This record fails to show the requirement of reasoned justification for a grant to set aside an entered judgment. In that regard, I agree with the majority decision and, in other respects, with the opinion and disposition of the case. *Matter of Injury to Seevers*, 720 P.2d 899 (Wyo.1986); *Paul v. Paul*, 631 P.2d 1060 (Wyo.1981).

Consequently, I concur in the decision.