**MEAUX SERVICES, INC.,**
**Third Party Plaintiff,**

v.

**Dong DAO, Individually, and the Thai Dong II, Its engines, tackle, apparel, etc., In Rem and Tot Van Nguyen, believed to be the owner, operator and/or at interest in the Thai Dong II, In Personam, Third Party Defendants.**

No. 1:91–CV–0504.

United States District Court,
E.D. Texas,
Beaumont Division.

February 11, 1995.

Hubert Oxford, II, Benckenstein & Oxford, Beaumont, TX, for plaintiff.

Randall D. Collins, Wells, Peyton, Beard, Greenberg, Hunt & Crawford, Beaumont, TX, for defendants.

## MEMORANDUM OPINION

COBB, District Judge.

Before the court is third party defendant Dong Dao's Motion to Set Aside Default Judgment pursuant to Federal Rule of Civil Procedure 60(b). After considering the motion, this court finds that the default was not wilful; that setting aside the default would not prejudice the third party plaintiff; and that the third party defendant presented a meritorious defense to the claim. For these reasons, this court ORDERS that the default judgment be set aside and that this case continue on the merits.

## BACKGROUND

The third party plaintiff Meaux Services ("Meaux") initiated this action *in personam* and *in rem* as an assignee of the original plaintiff, Co Vo. Co Vo worked as a crew member aboard the shrimping boat, THAI DONG II, and filed his original claim for personal injuries suffered in an accident while working on the ship. Meaux paid Co Vo approximately $95,000 to settle the original claim. Meaux then filed a warrant as process in due form to issue against THAI DONG II, its engines, tackle, apparel, etc., *in rem.* Meaux also asks this court to condemn and sell the third party defendant Dong Dao's ship or other security to pay Meaux's damages.

The clerk entered a default judgment on October 18, 1994. This court held a default judgment hearing on November 17, 1994. Dong Dao appeared, unrepresented by counsel, as an owner of the vessel THAI DONG II. An interpreter translated for Dong Dao and explained that Meaux filed a claim against him individually and as the owner of THAI DONG II. This court instructed Dong Dao to procure counsel and to consider filing the appropriate motions addressing the October 18, 1994, default judgment. Dong

Dao contacted an attorney within ten days after this hearing.

## ANALYSIS

■ Rule 60(b) permits courts to grant relief from prior entries of default judgment for mistake, inadvertence, surprise, excusable neglect and other justifiable reasons. To prevail on a motion to set aside default judgment under Federal Rule of Civil Procedure 60(b), three main factors must be examined. The court must determine whether the default was willful; whether setting aside the default judgment would prejudice the adversary; and whether the moving party presents a meritorious defense. *CJC Holdings, Inc. v. Wright & Lato, Inc.,* 979 F.2d 60, 64 (5th Cir.1992); *see also Federal Sav. and Loan Ins. Corp. v. Kroenke,* 858 F.2d 1067, 1069–70 (5th Cir.1988). According to *CJC Holdings,* these factors are not "talismanic." *CJC Holdings,* 979 F.2d at 64. Furthermore, the court is not required to analyze all the factors. The fundamental issue is whether the party seeking to set aside the judgment demonstrated good cause to do so.[1] *Id.*

■ In the present case, Meaux contends that Dong Dao willfully failed to file an answer to the complaint. Meaux maintains that Dong Dao's September 29, 1992 deposition should have alerted him to the fact that "legal proceedings were turning in his direction." However, no suit was initiated until a private process server served Dong Dao on December 10, 1993. The time lapse between the deposition and the initial service of Dong Dao could certainly cause confusion as to the nature of the service.

Meaux also asserts that Dong Dao's affidavit belies the fact that he understands English. Dao's affidavit alleges that plaintiff's attorney and the plaintiff's surveyor allegedly informed Dao that he had no liability in this case. Meaux insists that the ability to understand these people shows that Dao understands English well enough to comprehend that a suit had been filed against him.

---

1. For purposes of appeal, the Fifth Circuit recognizes that the seriousness of default judgment demands close scrutiny under the abuse of discretion standard. *See CJC Holdings,* 979 F.2d at 63 n. 1.

However, the facts show that Dong Dao has a limited understanding of the English language. Dong Dao appeared before this court for Meaux's default judgment hearing. Dao was not represented by counsel. Dao also needed an interpreter to understand the proceeding. This court explained that a default had been entered against him and that the possible ramifications of a default included the loss of his ship the THAI DONG II. Dong Dao also conveyed at this hearing that he could not comprehend the service of process documents. He further explained that plaintiff's attorney and plaintiff's surveyor explained to him that he was not liable for the Co Vo accident.

For these reasons, this court finds that an obvious language barrier exists in this case. Dao's limited ability to understand English, coupled with the alleged representations of plaintiff's attorney Mr. Dowden and plaintiff's surveyor Mr. Underhill, presents good cause to set aside default judgment in this case.

Meaux also contends that Dao failed to tender a meritorious defense. Meaux asserts that Dao's defense may not be predicated on the alleged representations of Mr. Dowden, the attorney referred to in Dao's affidavit. According to Meaux, Mr. Dowden has never been the attorney of record in this case. For this reason, Meaux contends that any representations made by Dowden are irrelevant. Additionally, Meaux maintains that Mr. Underhill's opinion as a surveyor is not sufficient evidence to constitute a defense.

This court disagrees. Any statements made by Mr. Dowden as an attorney for the firm that represents Meaux could have been attributed to the plaintiff. Furthermore, the testimony of the surveyor is enough to raise a fact issue as to whether Dao was at fault in this case. As such, the testimony of plaintiff's own surveyor certainly would provide a meritorious defense to claims that Dao was at fault in Co Vo's accident. Dao should have an opportunity to present this defense.

Finally, Meaux has not demonstrated that it would be adversely affected by this court vacating the Default Judgment. This court finds that Dao presented sufficient evidence to show good cause to set aside the default judgment. The language barrier, coupled with the affidavit of Mr. Underhill and the representations made by Mr. Dowden, present good cause to set aside the default judgment.

For the foregoing reasons, this court sets aside the default judgment. Third Party Defendant Dong Dao is ORDERED to file an answer to Third Party Plaintiff Meaux Services' complaint within ten (10) days of the entry of this order. The parties are also hereby notified that this case will proceed on the merits and be placed on track 1 for the most expedient resolution of this claim.