[No. 11400–0–I.   Division One.   March 12, 1984.]

TED MARTIN, ET AL, *Appellants,* v. PATENT SCAFFOLDING, ET AL, *Respondents.*

*Philip H. DeTurk,* for appellants.

*Garvey, Schubert, Adams & Barer* and *Sharon Armstrong,* for respondents.

SODERLAND, J.*—Appellant Ted Martin was injured when he fell from a scaffold on October 23, 1977, while working for Lockheed Shipyard. Respondent Patent Scaf-

---

*Judge Stanley C. Soderland is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

folding had sold the scaffolding to Lockheed. On the date of his accident appellant did not know the identity of the manufacturer of the scaffolding. Appellant contacted an attorney sometime thereafter. The attorney's affidavit states that "it became apparent sometime in 1980, that the defendant in this litigation was the manufacturer and subsequent retailer of the scaffolding."

A complaint alleging negligence was served on respondent on June 10, 1980, but was never filed. After some depositions were taken, appellant served an amended complaint which was filed April 15, 1981. The amended complaint alleges that defendant manufactured the scaffolding, that the boards tilted because proper parts necessary to secure it in place were not provided, that it was unsafe for use, and that plaintiff was injured as a result of breach of warranty of the defendant in the manufacture of its scaffolding. The trial court granted a summary judgment dismissing appellant's complaint because the case was not filed within 3 years of the date of injury and the statute of limitations had run.

The only issue on appeal is whether the trial court committed error in granting the summary judgment dismissing the complaint which was filed on April 15, 1981.

Appellant argues that the allegations of warranty bring the case under the 4–year statute of limitations set out in RCW 62A.2–725. Appellant urges the court to abolish the privity requirements of the Uniform Commercial Code and hold RCW 62A.2–725 to be applicable.

■ While the amended complaint contains an allegation of breach of warranty by the manufacturer, the complaint states a product liability claim and alleges that the scaffolding was unsafe for use. The essence of the claim is product liability. It remains a product liability claim even though it contains allegations of breach of warranty. The essence of the case controls, not particular words in the pleadings.

Whether an action sounds in contract or tort is determined from the pleadings and complaint as a whole and

the evidence relied upon, not by particular words and allegations, the form adopted by the pleader, what the pleader calls it, or the understanding of counsel or the trial court.

*Gazija v. Nicholas Jerns Co.,* 86 Wn.2d 215, 218, 543 P.2d 338 (1975).

The statutes of limitations governing a product liability action are RCW 4.16.010 and RCW 4.16.080(2). They apply generally to personal injury actions and fix the period of limitation at 3 years after the cause of action shall have accrued. *Ohler v. Tacoma Gen. Hosp.,* 92 Wn.2d 507, 598 P.2d 1358 (1979).

The State of Washington has adopted strict liability in tort, Restatement (Second) of Torts § 402A (1965), as the legal theory applicable to product liability claims. The term "implied warranty" was discarded in favor of strict liability. *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 528–31, 452 P.2d 729 (1969). The *Ulmer* case refers to comment *m* to section 402A, at pages 355–56 to the effect that the term "warranty", if still used in a product liability case, is a very different thing from the warranty usually found in the direct sale of goods and is not subject to the contract rules which apply to such sales. "Warranty" must be given a new and different meaning if it is used in connection with product liability.

*Seattle–First Nat'l Bank v. Tabert,* 86 Wn.2d 145, 542 P.2d 774 (1975) further refers to the strict liability doctrine as the solution to the former struggle to fit liability of sellers into traditional legal concepts such as privity and implied warranty. The court referred to those legal fictions, traditional concepts and tortured reasoning as having been "cast aside".

█ Appellant is asking the court to step backward into that land of legal fictions, to abolish the privity requirement applicable to sales under the U.C.C., and to apply the U.C.C. 4–year statute of limitations to this product liability case. Courts in other jurisdictions have abolished the privity requirement and allowed product liability actions under

the U.C.C. as one means of securing justice under their laws for those injured by dangerous products. There is no need for us to engage in such legal fiction. Our doctrine of strict liability in tort has provided the necessary means of doing justice in product liability cases.

RCW 62A.2, Uniform Commercial Code—Sales, is a statute designed primarily for sales transactions. If some of its provisions have an impact on a product liability claim, it is still quite consistent that the 3–year statute of limitations applies to the product liability claim as was decided in *Ohler v. Tacoma Gen. Hosp., supra.*

The very language of RCW 62A.2–725(1), the 4–year statute of limitation under the U.C.C., shows that the statute is designed for and limited to sales transactions where there is privity. The statute speaks of breach of a sales contract, not breach of warranty. It would require a tortured interpretation of the statute to apply it to a product liability case because a warranty had been made or implied.

> 62A.2–725 Statute of limitations in contracts for sale. (1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

In *Daughtry v. Jet Aeration Co.,* 91 Wn.2d 704, 592 P.2d 631 (1979), the court applied RCW 62A.2–725, the U.C.C. statute of limitations, where liability arose from a written contract of sale. The court specifically noted that the 3–year statute of limitations would be applicable if the action were in tort or if liability arose from breach of an implied warranty. The court said in footnote 1, at page 708:

> For the purposes of this discussion we assume Jet Aeration's liability to arise from breach of a written contract. However we note that if the action were in tort, or liability to arise from breach of an implied contract warranty, the applicable period of limitations would be 3 years, as provided in RCW 4.16.080(2) and (3). Analysis of the facts of the case under this provision would then need to be undertaken.

We affirm the trial court's holding that the 3–year statute of limitations applies to this case. However, the trial court committed error by assuming that the cause of action accrued when the injury occurred. There were disputed issues of fact as to when the cause of action accrued. Granting summary judgment was error.

It should be noted that this case arose prior to the tort reform act of 1981, RCW 7.72. We are dealing with the case law and statutes prior to that new product liability act.

By its terms, the applicable statute of limitations begins to run when the cause of action shall have accrued.

> Actions can only be commenced within the periods herein prescribed after the cause of action shall have accrued . . .

RCW 4.16.010.

The discovery rule applies to product liability cases. The claim does not accrue until after the claimant discovered, or reasonably should have discovered, all of the essential elements of the possible cause of action. *Ohler v. Tacoma Gen. Hosp., supra.* The *Ohler* case reversed a summary judgment of dismissal because there was a genuine issue of material fact as to whether the claimant discovered all of the elements of the possible cause of action more than 3 years before she filed the lawsuit.

> Under *Ohler,* the cause of action in a products liability case accrues when the plaintiff discovers or ought to have discovered all the essential elements of his possible cause of action. In an action against the seller of a product based on the Restatement (Second) of Torts § 402A (1965) (adopted in this state in *Ulmer v. Ford Motor Co.,* 75 Wn.2d 522, 452 P.2d 729 (1969)) there are three such essential elements: first, that the plaintiff user or consumer suffers physical harm from a product which has a defective condition making it unreasonably dangerous; second, that the defendant seller is engaged in the business of selling such a product; and third, that the product is expected to and does reach the plaintiff without substantial change in the condition in which it is sold. Under *Ohler,* the cause of action does not accrue until the plaintiff discovers or ought to have discovered all three of

these elements.

. . .

Our decision in *Ohler* is therefore quite clear. In a pro-ducts liability action, the statute of limitation does not begin to run until the plaintiff has discovered or should reasonably have discovered all the essential elements of the action. The action defined by section 402A of the Restatement (Second) of Torts has three elements which must be established in every case: a product which is unreasonably dangerous, a seller in the business of selling such products, and a lack of substantial change in the condition of the product. The rule in *Ohler* therefore requires actual or imputed discovery of all three of these elements before the statute of limitation begins to run.

*Sahlie v. Johns–Manville Sales Corp.*, 99 Wn.2d 550, 552–53, 663 P.2d 473 (1983).

The trial court concluded that the complaint was not filed within 3 years after the date on which the cause of action accrued. This conclusion necessarily assumed that the cause of action accrued when the injury occurred. The discovery rule is applicable to a product liability case under *Ohler* and *Sahlie*. Application of the discovery rule requires an analysis of the facts of the particular case. The trial court did not consider when appellant discovered, or ought to have discovered, all of the essential elements of his cause of action. That is the time when the cause of action accrued. The facts in the record are not sufficient to answer this crucial question.

In a summary judgment proceeding it is incumbent upon the moving party to demonstrate that no dispute exists as to any material facts. *Ohler v. Tacoma Gen. Hosp.*, *supra*. This is true regardless of who has the burden of proof on the issue at trial. *Duckworth v. Bonney Lk.*, 91 Wn.2d 19, 586 P.2d 860 (1978). Respondent has not carried that burden in this case.

One of the elements of appellant's cause of action against the manufacturer and seller of the scaffolding is "a seller in the business of selling such products". *Sahlie v. Johns–Manville Sales Corp.*, *supra*. It cannot be assumed that

this Lockheed employee, injured on the job by defective scaffolding, knew at the time of injury that he had a cause of action against a seller of the scaffolding who was in the business of selling such products. Respondent argues that the identity of the particular seller is not an essential element of the cause of action. But it is essential that appellant knew or should have known that there was a seller in the business of selling products against whom he had a cause of action.

In the order granting summary judgment the trial court recited:

As of the date of plaintiff's accident, which occurred on or before October 23, 1977, plaintiff knew that the scaffolding plank on which he stood either tipped or flipped over, causing him to fall and sustain injuries to his back and other areas of his body; plaintiff did not know on the date of his accident the identity of the manufacturer of the scaffolding; the plaintiff did not procure the identity of the possible manufacturer of this scaffolding on which he was injured until the deposition of the Lockheed employees were taken on March 12, 1981 and in particular, that deposition of Robert Estes wherein the purchase of the 100 scaffolding units from Patent Scaffolding by Lockheed is explained.

The record does not show when appellant first contacted an attorney after his injury. Appellant's attorney states in an affidavit that "it became apparent sometime in 1980, that the defendant in this litigation was the manufacturer and subsequent retailer of the scaffolding." The record shows that a complaint was served upon this respondent on June 10, 1980.

If the cause of action accrued in 1980 or 1981, then the filing of the complaint on April 15, 1981, was timely. Three years back from April 15, 1981 is April 15, 1978. If appellant reasonably should have discovered all of the essential elements of his cause of action before April 15, 1978, then he would be barred by the statute of limitations, otherwise not. The facts on this issue have not been determined. The trial judge's ruling as to when appellant discovered the

identity of Patent Scaffolding and the attorney's affidavit that it became apparent sometime in 1980, are sufficient to raise a factual issue as to when appellant had knowledge. The record is not sufficient to establish when appellant should have had knowledge.

The order of summary judgment is reversed.

CORBETT, A.C.J., and SCHOLFIELD, J., concur.

Review denied by Supreme Court June 8, 1984.