MEYERS, APPELLANT, *v.* LARREATEGUI ET AL.; MATHEWS, APPELLEE.

(No. CA 9648—Decided May 22, 1986.)

*Capizzi, Cousineau & Susser* and *Gary E. Susser,* for appellant.

*Jacobson, Maynard, Tuschman & Kahur Co., L.P.A., William C. Ludwig* and *Pamela W. Popp,* for appellee.

WOLFF, J. Jerrell Meyers appeals from a summary judgment granted by the Montgomery County Court of Common Pleas dismissing James R. Mathews, M.D., as a party defendant.

The original complaint was filed February 12, 1985 against a sole defendant, G. A. Larreategui, M.D., alleging malpractice in connection with leg surgery performed February 17, 1984.

On May 30, 1985, Meyers filed an amended complaint naming Dr. James R. Mathews and St. Elizabeth Medical Center as additional parties defendant. The amended complaint, as it related to Mathews, alleged the same February 17, 1984, malpractice as was alleged in the original complaint against Dr. Larreategui.

Mathews answered the amended complaint, asserting the one-year statute of limitations provided for in R.C. 2305.11(A) as a defense.

On August 22, 1985, Mathews moved for summary judgment on the basis of the statute of limitations. He attached the St. Elizabeth Medical Center hospital reports that established that the operation occurred February 17, 1984, that he assisted Larreategui, and that Meyers and his family were apprised of problems arising out of the surgery during Meyers' hospital stay between February 13 and March 31, 1984. He furthermore stated, without supporting evidence, that corrective surgery was done May 10, 1984.

Mathews argued, and the trial court agreed, that Meyers, in the exercise of reasonable diligence, would have discovered his injury no later than May 10, 1984.

Accordingly, the trial court granted summary judgment, holding that the amended complaint as it related to Mathews, having been filed May 30, 1985, was time barred pursuant to R.C. 2305.11(A).

In opposition to Mathews' motion for summary judgment, Meyers submitted an affidavit that stated that he was unaware that Larreategui was to be assisted in the surgery, that he was unaware that Mathews was even involved in his surgery until he was so informed by his attorney in May 1985, and that he never saw Mathews or heard his name mentioned before or after the operation.

Meyers advances a single assignment of error:

"The lower court erred in finding that the appellant failed to file a timely medical malpractice action against appellee Mathews."

*Oliver* v. *Kaiser Community Health Found.* (1983), 5 Ohio St. 3d 111, 5 OBR 247, 449 N.E. 2d 438, syllabus, provides: "Under R.C. 2305.11(A), a cause of action for medical malpractice accrues and the statute of limitations commences to

run when the patient discovers, or, in the exercise of reasonable care and diligence should have discovered, the resulting injury. * * *'' We have interpreted *Oliver* as holding that "the medical malpractice cause of action accrues when the patient discovers, or in the exercise of reasonable care and diligence, should have discovered, that his injury was the result of malpractice.'' See *Van Fleet* v. *Christopher* (Mar. 10, 1986), Montgomery App. No. CA 9577, unreported, at 3.

This case presents a novel problem: Where a patient knows that he is a victim of medical malpractice and the identity of one of the doctors who is responsible for the malpractice, when does the period of limitations commence to run against another doctor, involved in the malpractice, of whom the patient is unaware when he first becomes aware that he is a victim of malpractice and the identity of one of the responsible doctors?

We find some guidance in the syllabi of *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727:

"1. Absent legislative definition, it is left to the judiciary to determine when a cause 'arose' for purposes of statutes of limitations.

"2. When an injury does not manifest itself immediately, the cause of action does not arise until the plaintiff knows or, by the exercise of reasonable diligence should have known, that he had been injured *by the conduct of defendant,* for purposes of the statute of limitations contained in R.C. 2305.10.'' (Emphasis added.)

In our opinion a cause of action for medical malpractice does not arise until such time as the patient knows, or in the exercise of reasonable care and diligence should know, the identity of the physician who injured him.

Here we believe there was at least a question upon which reasonable minds might differ as to whether Meyers should have, in the exercise of reasonable care and diligence, discovered the identity of Mathews and his role in the surgery prior to May 10, 1984, in light of Meyers' affidavit that he was completely unaware of Mathews' role in his surgery until May 1985.

We believe that Meyers' analogy to R.C. 2305.111 is particularly appropriate:

"An action for assault or battery shall be brought within one year after the cause of the action accrues. For purposes of this section, a cause of action for assault or battery accrues upon the later of the following:

"(A) The date on which the alleged assault or battery occurred;

"(B) If the plaintiff did not know the identity of the person who allegedly committed the assault or battery on the date on which it allegedly occurred, the earlier of the following dates:

"(1) The date on which the plaintiff learns the identity of that person;

"(2) The date on which, by the exercise of reasonable diligence, he should have learned the identity of that person.''

On the basis of the record before us, the only way that Meyers would know of Mathews' involvement would be for Meyers to personally examine his hospital records. We believe that there is a genuine issue of fact as to whether the exercise of reasonable care and diligence would necessitate that such be done within a year of this layman's discovery of malpractice, when he was under the belief that Larreategui alone had performed the surgery and was unaware of the fact that Larreategui had been assisted by Mathews.

We see no potential for prejudice to Mathews in that R.C. 2305.11(B) provides in part: "In no event shall any medical claim against a physician, podiatrist, or a hospital or a dental claim

against a dentist be brought more than four years after the act or omission constituting the alleged malpractice occurred. * * *"

Because we agree that the trial court erred in finding that Meyers failed to file a timely medical malpractice action against Mathews, we reverse the judgment of the trial court dismissing defendant James R. Mathews, M.D., as a party defendant.

*Judgment accordingly.*

KERNS and WILSON, JJ., concur.