S.C. RYAN, INC., a Montana corporation, d/b/a Taylor Distributing Co., and Northern Tier Distributing Co., Appellants (Appellants/Plaintiffs),

v.

Bill LOWE, individually and d/b/a World of Color Interiors, Appellee (Appellee/Defendant).

No. 87-131.

Supreme Court of Wyoming.

April 20, 1988.

 

Clay B. Jenkins of Badley & Rasmussen, Sheridan, on briefs, for appellants.

H. Steven Brown of Brown, Raymond & Rissler, Casper, on briefs, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

CARDINE, Justice.

Appellant S.C. Ryan, Inc., a Montana corporation, filed a complaint in county court alleging that appellee Bill Lowe owed it a debt of $1,035.31 plus a 1.5 percent per month service charge. Appellee failed to file a responsive pleading within the time permitted, and a default judgment was entered against him in the amount of $1,075.90. Appellee then filed a motion to set aside the default judgment, an answer, and a motion to dismiss, along with affidavits and other documents. Appellant filed counter affidavits, and the court ultimately set aside the default and dismissed appellant's complaint. Appellant appealed to the district court, which affirmed the county court. Appellant now appeals to this court, contending that no grounds existed for setting aside the default and that dismissal of its complaint was improper.

We reverse and remand.

Appellant S.C. Ryan, Inc. is a Montana corporation doing business as Taylor Distributing Company and Northern Tier Distributing Company. Appellee Bill Lowe is "engaged in the business of home interiors," apparently doing business as World of Color Interiors, and/or A World of Color, and/or Willor, Inc. Appellee purchased floor covering merchandise from appellant on a continuing account. Payments on the account were sporadic; and, on November 25, 1986, appellant filed an action for judgment on the outstanding balance.

## DEFAULT

The county court initially entered a default judgment against appellee after he failed to respond to the complaint. Appellee moved to set aside the judgment, his attorney explaining that when he received appellant's complaint he was preparing to file bankruptcy for appellee's corporation

and he inadvertently assumed that the debt would be included in the corporate bankruptcy. Appellee also filed affidavits purporting to establish that the debt to appellant was a corporate debt. The court set aside the default judgment without explanation.

■ Rule 55(c), W.R.C.P., provides that the court may set aside a judgment by default in accordance with Rule 60(b). Rule 60(b) provides:

"On motion, and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

Rule 60(b) provides courts with the means of relieving a party from the oppression of a final judgment or order on a proper showing where such judgment is unfairly or mistakenly entered. *Kennedy v. Kennedy*, Wyo., 483 P.2d 516 (1971). The rule is remedial and is to be liberally construed, *Spomer v. Spomer*, Wyo., 580 P.2d 1146 (1978), but the movant carries the burden of bringing himself within its provisions. *Atkins v. Household Finance Corporation of Casper, Wyoming*, Wyo., 581 P.2d 193 (1978).

■ In the present case, the county court presumably granted relief under subdivision (b)(1) of Rule 60. The granting of relief under this subdivision is a matter of the exercise of discretion by the trial court, and appellate review is limited to the question of whether the trial court abused its discretion. *U.S. Aviation, Inc. v. Wyoming Avionics, Inc.*, Wyo., 664 P.2d 121 (1983). In exercising its discretion, the trial court must consider whether the movant has established one of the enumerated grounds for relief and whether he has demonstrated a meritorious defense. Rule 60(b), W.R.C.P.; *U.S. Aviation, Inc.*, supra.

■ In support of his motion to set aside the default judgment, appellee filed an affidavit in which his attorney stated that he failed to realize that the suit was against appellee personally. Thus the trial court could have reasonably concluded that appellee's failure to answer was the result of mistake or inadvertence. In addition, appellee filed affidavits designed to demonstrate that he had a meritorious defense to appellant's claim. As discussed below, these affidavits contained weaknesses, but they were sufficient to present "more than a bald conclusion" that a meritorious defense existed. *U.S. Aviation, Inc.*, supra. We cannot say that the trial court abused its discretion by granting relief from the default judgment.

## DISMISSAL

Appellee's motion to set aside the default judgment was accompanied by a motion to dismiss plaintiff's complaint. In the motion to dismiss, appellee asserted that he was not personally liable on the debt. Presumably the motion was one to dismiss for failure to state a claim under Rule 12(b)(6), W.R.C.P. Two affidavits and other documents were filed with appellee's motions, and appellant filed affidavits in resistance.

Rule 12(b), W.R.C.P., provides:

"If, on a motion * * * to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 * * *."

The order dismissing appellant's complaint clearly demonstrates that the trial court relied on matters outside the pleadings

when it *found* that "Willor, Inc. was a corporation in good standing." Accordingly, we will treat the motion as one for summary judgment. See *Wyoming Insurance Department v. Sierra Life Insurance Company*, Wyo., 599 P.2d 1360 (1979).

Summary judgment is appropriate only if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Rule 56, W.R.C.P. A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a claim or defense. *Johnson v. Soulis*, Wyo., 542 P.2d 867 (1975).

■ In *S–Creek Ranch, Inc. v. Monier & Company*, Wyo., 509 P.2d 777, 783 (1973), we stated the following general principle of agency law:

> "An agent of an undisclosed principal is subject to all liability, expressed or implied, created by the contract in the same manner as if he were the principal."

The application of this rule in the context of a corporate officer's liability for a corporate debt is discussed in 3A W. Fletcher, Cyclopedia of the Law of Private Corporations § 1118 (Rev.1986):

> "[W]here an agent or officer enters into a contract with a third party on behalf of the corporation, and the third party is not aware of the existence of the corporation and no disclosure is made to him, the agent is personally liable on the contract * * *. To avoid personal liability on a contract to be entered into on behalf of his principal, where agency and identity of the principal are unknown, the agent has a duty to disclose both the fact that he is acting in a representative capacity and the identity of his principal, and the party dealt with is not required to discover or make inquiries to discover such facts. On the other hand, the agent is not liable where actual knowledge is shown, whether the agent himself makes the disclosure or the other party acquires the knowledge from some other source. Express notice of the agency relationship is not required. If the facts and circumstances surrounding the transaction af-

firmatively demonstrate that the contracting party should have been aware that he was dealing with a corporation, the officer will not be held personally liable for the contract. Whether the fact of agency and the name of the principal were disclosed or known to the third party so as to protect the agent from personal liability on the transaction is essentially a question of fact, and disclosure may be shown by circumstance surrounding the transaction and by the course of dealing between the parties. The officer claiming the agency relationship has the burden of proof on the issue." (Footnotes omitted.)

Applying these principles to the present case, appellee was entitled to summary judgment only if he demonstrated the absence of a genuine issue of material fact concerning appellant's knowledge that it was dealing with a corporation. Appellee failed to make this showing.

■ The affidavits filed by appellee, stripped of conclusory statements and irrelevant information, showed only that appellee, as president of a corporation named Willor, Inc., might have made payment to appellant by means of corporate checks and might have provided financial statements to appellant which reflected doing business as a corporation. In paragraph six of appellee's affidavit he stated:

> "[D]uring the course of business, all accounts of Taylor Distributing Company were paid by means of corporate checks. * * * [A]ttached hereto are copies of those checks showing payment of the account from the accounts of the corporation. Examination of the attached checks clearly reveals the status as a corporation."

The corporate checks alluded to were not, in fact, attached to the affidavit and do not appear in the record. In any event, the use of corporate checks to pay on an account billed to an individual does not conclusively establish knowledge of corporate status but is merely one fact which might tend to show such knowledge. *Jensen v. Alaska Valuation Service, Inc.*, Alaska, 688 P.2d 161 (1984).

In paragraph ten of his affidavit, appellee stated:

> "Since the time of incorporation of Willor, Inc., your Affiant, as President of Willor, Inc., has provided financial statements to creditors from time to time and has always reflected doing business as a corporation."

Appellee's attorney stated in his affidavit:

> "That as information has been provided to your Affiant, all statements for payment were made with corporate checks and any financial statements that may have been requested by Plaintiff and therefore provided by Defendant were financial statements of the corporation, Willor, Inc. dba World of Color Interiors."

The statement of appellee's attorney demonstrates upon its face that it was not made upon personal knowledge and should therefore not be considered on a motion for summary judgment. *Apperson v. Kay,* Wyo., 546 P.2d 995 (1976); Rule 56(e), W.R.C.P. Moreover, the combined statements of appellee and his attorney do not show that *appellant* ever requested or received any of the financial statements referred to. They only demonstrate that such statements were sent "to creditors" and that appellant "may have" received them.

Appellee did not demonstrate that there was no genuine issue of material fact and that he was entitled to judgment as a matter of law. As a result, we need not discuss appellant's affidavits in resistance, as appellant had no obligation to respond. *Matthews v. Wyoming Department of Agriculture,* Wyo., 719 P.2d 216 (1986).

Reversed and remanded.