Gary R. NOWOTNY and Carla Nowotny,
Appellants (Plaintiffs),

v.

L & B CONTRACT INDUSTRIES, INC.,
formerly L & B Products, Inc., a New
York corporation, Appellee (Defendant).

No. 96–62.

Supreme Court of Wyoming.

March 7, 1997.

Frederick J. Harrison of Harrison & Massey, LLC, Rawlins, for Appellants.

Curtis B. Buchhammer of Orr, Buchhammer & Kehl, PC, Cheyenne, for Appellee.

Before TAYLOR, C.J., and THOMAS, MACY, GOLDEN and LEHMAN, JJ.

THOMAS, Justice.

The main issue to be addressed in this case is whether we should expand the discovery rule for triggering the statute of limitations for personal injuries to include knowledge of the identity of the tort-feasor. This issue presents a conflict between a policy of providing a means of redress to an injured person and the policy of adoption of a statute of limitations, which frees the judicial system from litigation of stale claims and spares other parties from the defense of claims when memories have faded, witnesses have become unavailable, and evidence has been lost. Collateral issues are presented with respect to the application of the tolling statute and its possible unconstitutionality; the relation back of amendments to the complaint under Wyo.R.Civ.P. Rule 15(c); abuse of discretion on the part of the trial court in setting aside a default entered in favor of the plaintiffs, Gary R. Nowotny and Carla Nowotny (Nowotnys); and denying the Nowotnys' motion to hold summary judgment proceedings in abeyance pending further discovery. The Nowotnys sought recovery for personal injuries sustained by Gary R. Nowotny when an allegedly defective restaurant bench seat collapsed. A Summary Judgment was entered in favor of L & B Contract Industries, Inc. (L & B) because the action was not commenced as to L & B before the statute of limitations had run. The Nowotnys ask this court to expand our discovery rule pertaining to the statute of limitations so that it is not triggered until the identity of the tort-feasor is known. L & B contends that the statute commenced to run when the injury was discovered or in the exercise of reasonable diligence should have been discovered. We hold that the discovery of Nowotny's injury occurred at the time the restaurant seat broke causing his injuries, and reject the argument that discovery did not occur until the identity of the manufacturer of the seat was known. The Order Granting Defendant's Motion for Summary Judgment is affirmed.

The Nowotnys frame the issues in this way, in the Brief of Appellants:

I.  Whether the District Court erred in determining that the cause of action accrued on the date of injury, when Appellants did not discover who caused the injury until later.

II.  Whether the District Court erred in concluding that the tolling statute did not apply.

III.  Whether the District Court erred in concluding that the third amended complaint did not relate back.

IV.  Whether the District Court abused its discretion and erred in setting aside the entry of default under Wyo. R.Civ.P. 55(c).

V.  Whether the District Court erred in denying Appellants' motion to hold summary judgment in abeyance.

In its Brief of Appellee, L & B states these issues:

I.  Did the trial court properly determine that Appellants' cause of action accrued on January 17, 1991, and that the statute of limitations for their claims against L & B

Contract Industries, Inc. ran on January 17, 1995?

II. Did the trial court properly determine that the statute of limitations for appellants' claims was not tolled by W.S. § 1–3–116?

III. Does W.S. § 1–3–116 violate the United States Constitution's commerce clause, Art. 1, § 8, CL.3?

IV. Did the trial court properly determine that appellants' third amended complaint did not relate back under the provisions of Rule 15(c), W.R.C.P.?

V. Did the trial court properly exercise its discretionary power in setting aside the default entered against L & B Contract Industries, Inc.?

VI. Did the trial court act properly in denying Appellants' motion to hold summary judgment in abeyance?

More than a decade ago we summarized our standard of review for summary judgment cases in *Thomas by Thomas v. South Cheyenne Water and Sewer Dist.*, 702 P.2d 1303, 1304 (Wyo.1985):

> We have frequently reiterated our standard of review of summary judgments.

> " 'When a motion for summary judgment is before the supreme court, we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he. We must follow the same standards. The propriety of granting a motion for summary judgment depends upon the correctness of a court's dual findings that there is no genuine issue as to any material fact and that the prevailing party is entitled to judgment as a matter of law. This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record.' *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150 (1981). See also, *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334, 336 (1983).

"A summary judgment should only be granted where it is clear that there are no issues of material facts involved and that an inquiry into the facts is unnecessary to clarify the application of law. *Johnson v. Soulis*, Wyo., 542 P.2d 867 (1975). A material fact is one which has legal significance. *Johnson v. Soulis*, supra. It is a fact which would establish a defense. *Wood v. Trenchard*, Wyo., 550 P.2d 490 (1976). After the movant establishes a prima facie case the burden of proof shifts to the opposing party who must show a genuine issue of material fact, *Gennings v. First Nat'l Bank of Thermopolis*, Wyo., 654 P.2d 154 (1982), or come forward with competent evidence of specific facts countering the facts presented by the movant. *Matter of Estate of Brosius*, Wyo., 683 P.2d 663 (1984). The burden is then on the nonmoving party to show specific facts as opposed to general allegations. 10 Wright & Miller, Federal Practice and Procedure: Civil § 2727, p. 538. The material presented must be admissible evidence at trial. Conclusory statements are not admissible. *Bancroft v. Jagusch*, Wyo., 611 P.2d 819 (1980). We give the party defending the motion the benefit of any reasonable doubt." *Roth v. First Security Bank of Rock Springs, Wyoming*, Wyo., 684 P.2d 93, 95 (1984).

The same standard is in vogue today. *E.g., Martin v. Alley Const., Inc.*, 904 P.2d 828, 831 (Wyo.1995); *Duncan v. Town of Jackson*, 903 P.2d 548, 551 (Wyo.1995).

We are persuaded that there is no genuine issue as to these material facts. On January 17, 1991, Gary Nowotny sustained severe injuries when an allegedly defective restaurant bench seat located at the Golden Corral Restaurant in Rock Springs collapsed under him. No identifying marks were found on the bench that disclosed where or by whom it had been manufactured. The Nowotnys filed a complaint on January 27, 1994, in which the owners of the Golden Corral were named as defendants. The owners settled the claims against them, and the action was dismissed with prejudice as to them on August 24, 1995.

In the meantime, the Nowotnys filed an amended complaint on September 30, 1994,

which added L & B Products, Inc., an Illinois corporation, as a defendant. A second amended complaint was filed on October 28, 1994, which added a claim arising out of the doctrine of strict liability in the cause of action against L & B Products, Inc. The Nowotnys attempted on numerous occasions to obtain service upon L & B Products, Inc., the Illinois corporation, but neither of these amended complaints ever was served on the Illinois corporation. Later the Nowotnys determined that corporation was not the manufacturer of the bench seat.

On February 22, 1995, more than four years after Gary Nowotny was injured, the Nowotnys were advised by the owners of the Golden Corral that the corporate offices for L & B Products, Inc., the company that manufactured the bench, were located in New York. Further investigation by the Nowotnys developed the fact that the manufacturing corporation's name had been changed to L & B Contract Industries, Inc., a New York corporation. On February 24, 1995, the owners of the Golden Corral sent a claim for indemnification to L & B Contract Industries, Inc. using certified mail, for which the return receipt was signed, dated February 28, 1995.

A third amended complaint was filed by the Nowotnys on April 12, 1995 which changed the named corporate defendant from L & B Products, Inc. to L & B Contract Industries, Inc., a New York corporation. By then, the Nowotnys had concluded that L & B Products, Inc., an Illinois corporation, had not manufactured the restaurant bench seat. The third amended complaint was served on L & B Contract Industries, Inc. on May 4, 1995. On June 8, 1995, entry of default was made against L & B Contract Industries, Inc., but the trial court set aside the entry of default on January 2, 1996.

L & B then filed a motion for summary judgment based upon the expiration of the statute of limitations prior to the commencement of the action against it, and on January 2, 1996 the trial court granted that motion for summary judgment. The trial court ruled that there were no genuine issues of material fact concerning the running of the statute of limitations; that L & B had not

been served until May 4, 1995, while the four year statute of limitations had run on January 17, 1995; that the requirements of WYO. R.CIV.P. had not been satisfied so the amended complaint did not relate back to the original complaint; and L & B was entitled to judgment as a matter of law.

In Wyoming a four year period of limitations is specified for actions for personal injury by WYO.STAT. § 1–3–105(a)(iv)(C) (1988), which states:

> (iv) Within four (4) years, an action for:
>
> \*    \*    \*    \*    \*    \*
>
> (C) An injury to the rights of the plaintiff, not arising on contract and not herein enumerated[.]

In the usual case, the four year period begins to run from the date of the injury because that is when the cause of action accrues.

■ We have said quite recently:

> Wyoming is a discovery state in which the statute of limitations is triggered when the plaintiff knows or has reason to know of the existence of a cause of action. *Mills v. Garlow*, 768 P.2d 554 (Wyo.1989). That rule with respect to statutes of limitations for tort theories was articulated in *Duke v. Housen*, 589 P.2d 334, *reh'g denied*, 590 P.2d 1340 (Wyo.1979), *cert. denied*, 444 U.S. 863, 100 S.Ct. 132, 62 L.Ed.2d 86 (1979), and it has been consistently followed. *E.g., Anderson v. Bauer*, 681 P.2d 1316 (Wyo.1984); *Ogle v. Caterpillar Tractor Co.*, 716 P.2d 334 (Wyo.1986).

*Barlage v. Key Bank of Wyoming*, 892 P.2d 124, 126 (Wyo.1995). The acceptance of the discovery rule in Wyoming is attributed to *Duke v. Housen*, 589 P.2d 334 (Wyo.1979), although, in that case, the actual statute of limitations was borrowed from another jurisdiction.

■ Under the discovery rule as adopted in Wyoming, the statute of limitations will typically run from the date of the incident. The discovery rule can have the effect, however, of delaying the accrual of the cause of action in cases in which the injury or damage is not immediately apparent. We have said specifically that, "a tort is not complete and actionable until all the ele-

ments, duty, breach, proximate cause, and damage, are present." *Davis v. City of Casper,* 710 P.2d 827, 829 (Wyo.1985). This serves to balance the equities in latent injury cases when the injured party would be barred from bringing an action only because that person was unaware of the injury.

The discovery rule was first applied in a products liability action in *Olson v. A.H. Robins Co., Inc.,* 696 P.2d 1294 (Wyo.1985). In that case the latent injury was caused by an intrauterine contraceptive device. We there held that "[a] claim does not accrue until the injury is discovered or in the exercise of reasonable diligence should be discovered." *Olson,* 696 P.2d at 1297.

■ The Nowotnys do not contend that their case involved a latent injury. They recognize that Gary Nowotny's injury was known to him almost instantaneously. Instead, the Nowotnys seek to have us expand the discovery rule and hold that a cause of action does not accrue for personal injury until the injured party knows the identity of the person or firm responsible for the injury.

Asserting what they perceive as the majority rule, the Nowotnys urge the proposed expansion of the discovery rule in Wyoming as appropriate and just.[1] The courts in the jurisdictions upon which the Nowotnys rely have held that the cause of the action does not accrue until the injured party knows or with reasonable diligence should have known the identity of the manufacturer. The courts in those jurisdictions have weighed public policy considerations and have concluded that the right of the plaintiff to seek redress outweighs the defendant's exposure to liability and any prejudice that might be attributable to delay. *Lawhon v. L.B.J. Institutional Supply, Inc.,* 159 Ariz. 179, 765 P.2d 1003 (App.1988); *Orear v. International Paint Co.,* 59 Wash.App. 249, 796 P.2d 759 (1990), *review denied,* 116 Wash.2d 1024, 812 P.2d 103 (1991); *Martin v. Patent Scaffolding,* 37 Wash.App. 37, 678 P.2d 362 (1984); *Hickman v. Grover,* 178 W.Va. 249, 358 S.E.2d 810 (1987); and *Spitler v. Dean,* 148 Wis.2d 630, 436 N.W.2d 308 (1989).

Other jurisdictions have refused to expand the discovery rule so that it would include the identity of the tort-feasor, in this case the manufacturer. The courts in those jurisdictions apply the statute of limitations more strictly and hold that a cause of action accrues at the time the injury becomes known, not at the time that the injured party knows the identity of the tort-feasor. *Staiano v. Johns Manville Corporation,* 304 Pa.Super. 280, 450 A.2d 681 (1982) is illustrative of this reasoning. In *Staiano* the injury was asbestosis, a latent injury that is caused by the inhalation of asbestos dust. The court there upheld a summary judgment in favor of the defendants on the ground that the action was barred by the statute of limitations. In rejecting an argument that the cause of action should not accrue until the identity of the defendant is known, the court stated:

"[O]nce [a plaintiff] possesses the salient facts concerning the occurrence of his injury and *who or what* caused it, he has the ability to investigate and pursue his claim." Here, it is enough that appellant—husband knew that his asbestosis was caused by the inhalation of asbestos dust emanating from asbestos products on the work site. We find no reason to postpone the commencement of the statute until a plaintiff has in addition discovered who manufactured the products that he knows have injured him. Indeed, to do so would "nullify the justifiable rationale of the statute of limitations and permit the prosecution of stale claims."

*Staiano,* 450 A.2d at 685 (citation omitted).

In our view the Pennsylvania court articulated the proper rule. We reaffirmed our

1. The authorities relied upon by the Nowotnys include *Lawhon v. L.B.J. Institutional Supply, Inc.,* 159 Ariz. 179, 765 P.2d 1003 (App.1988); *Shortess v. Touro Infirmary,* 520 So.2d 389 (La. 1988); *Meyers v. Larreategui,* 31 Ohio App.3d 161, 509 N.E.2d 971 (1986); *Duyck v. Tualatin Valley Irr. Dist.,* 304 Or. 151, 742 P.2d 1176 (1987); *Foster v. Harris,* 633 S.W.2d 304 (Tenn. 1982); *Orear v. International Paint Co.,* 59 Wash. App. 249, 796 P.2d 759 (1990), *review denied,* 116 Wash.2d 1024, 812 P.2d 103 (1991); *Martin v. Patent Scaffolding,* 37 Wash.App. 37, 678 P.2d 362 (1984); *Hickman v. Grover,* 178 W.Va. 249, 358 S.E.2d 810 (1987); and *Spitler v. Dean,* 148 Wis.2d 630, 436 N.W.2d 308 (1989).

policy posture in *Olson,* 696 P.2d at 1297, quoting language from *Duke v. Housen:*

> Statutes of limitation have long been a part of the jurisprudence of the United States, all its states and the State of Wyoming. They are pragmatic devices to save courts from stale claim litigation and spare citizens from having to defend when memories have faded, witnesses are unavailable by death or disappearance and evidence is lost. Statutes of limitation are arbitrary by their very nature and do not discriminate between the just and unjust claim. They are not judicially made but represent legislative and public policy controlling the right to litigate. The statutes operate against even the most meritorious of claims and courts have no right to deny their application. When considering the statute of limitations, the nature of injury, its extent, the amount of money damages involved, social considerations, and the emotional appeal the facts may have must pass to the background. **The circumstances are only significant in the bearing they may have on where the cause of action arose, when it arose and when the time expired for pursing the applicable judicial remedy.**

*Duke v. Housen,* 589 P.2d 334, 340 (Wyo. 1979) (emphasis added) (citations omitted). This philosophical approach most closely matches that articulated in California, Illinois, Pennsylvania, and Texas. *Jolly v. Eli Lilly & Co.,* 44 Cal.3d 1103, 751 P.2d 923, 245 Cal.Rptr. 658 (Cal.1988); *Guebard v. Jabaay,* 65 Ill.App.3d 255, 381 N.E.2d 1164, 21 Ill. Dec. 620 (1978); *Staiano;* and *Matthews Trucking Co., Inc. v. Smith,* 682 S.W.2d 237 (Tex.1984). Indeed this view was not totally eschewed by the West Virginia court in *Hickman v. Grover,* 178 W.Va. 249, 358 S.E.2d 810 (1987), when the court noted that in traumatic injury cases as distinguished from a progressive or creeping disease or injury, the statute will almost always begin to run from the time of the injury.

The circumstances of this case are illustrative of the propriety of adhering to our traditional rule with respect to the accrual of a claim for purposes of the statute of limitations. The Nowotnys were aware of Gary Nowotny's injury and what caused it on January 17, 1991. They had four years from that point in time to identify the manufacturer of the restaurant bench seat. They identified and made service upon L & B by May 4, 1995. That date was less than eight months after the Nowotnys initially named a corporate defendant in their first amended complaint, which was filed September 30, 1994. It is apparent that had the Nowotnys instituted an investigation to identify the manufacturer at some earlier point in time, service upon L & B could have been made within the period of the statute of limitations.

■■■ This is not a case in which the invocation of an expanded discovery rule would be appropriate. To permit the Nowotnys to fail to pursue their cause of action by not identifying and serving L & B, and then extending the discovery rule to avoid the expiration of the statute of limitations, clearly would contravene our policy of the disallowance of stale claims as justifying the statute of limitations. The Nowotnys are chargeable with notice that they were required to commence their action within four years from January 17, 1991, or the claim would be barred. We do not choose to expand the discovery rule to encompass a requirement that the identity of the tort-feasor must be known. We hold that the trial court correctly ruled that the Nowotnys' claim against L & B was barred by the statute of limitations.

■■■ As an alternative argument, the Nowotnys rely upon WYO.STAT. § 1–3–116 (1988), which provides:

> If a cause of action accrues against a person when he is out of the state, or has absconded or concealed himself, the period limited for the commencement of the action does not begin to run until he comes into the state or while he is so absconded or concealed. If after the cause of action accrues he departs from the state or absconds or conceals himself, the time of his absence or concealment is not computed as a part of the period within which the action shall be brought.

Relying upon *Stanbury v. Larsen,* 803 P.2d 349 (Wyo.1990); *Greenwood v. Wierdsma,* 741 P.2d 1079 (Wyo.1987); as well as persua-

sive authority from sister jurisdictions, and distinguishing *Tarter v. Insco,* 550 P.2d 905 (Wyo.1976), the Nowotnys contend that this situation is substantially the same as one in which a defendant has left the state or concealed himself. They urge that since there was no identifying mark on the restaurant bench seat and they had difficulty identifying the manufacturer, the situation should be treated as one of concealment until they discovered the identify of the manufacturer. In our view, the rationale of *Tarter* clearly extends to and includes this situation. The tolling statute is not applicable because of the fact that there were alternative methods of service available to the Nowotnys. These alternative methods were not efficacious because the Nowotnys had not discovered the identity of the manufacturer, but as we have pointed out previously, that was simply due to the failure of the Nowotnys to pursue their investigation. We are satisfied that this is not a case in which the legislature intended to toll the statute of limitations for a defendant who is out of the state or has absconded or concealed himself. The tolling statute has no application.

██ The next alternative position espoused by the Nowotnys is that the third amended complaint relates back in time to the filing of the second amended complaint, and thus their claim against L & B was timely brought within the statute of limitations. This is a sophisticated argument, but it must fail. Rule 15(c), WYO.R.CIV.P. was amended in 1993 by modeling it after the federal rule. The only provision in WYO. R.CIV.P. 15(c) which could apply here is found in the portion regarding changing a party or, as in this case, adding a party. The rule provides in relevant part:

(c) *Relation back of amendments.*—An amendment of a pleading relates back to the date of the **original pleading** when:

\*   \*   \*   \*   \*   \*

(3) The amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within 120 days after the filing of the **complaint,** the party to be brought in by amendment (A) has received such notice of the insti-

tution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

WYO.R.CIV.P. 15(c) (emphasis added).

Rule 15(c)(3), FED.R.CIV.P. was amended in 1991 to change the result articulated in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), with respect to misnaming of a defendant. Under this amendment to the federal rule, an intended defendant who is notified of an action within the period allowed by Fed.R.Civ.P. 4(m) for service of a summons and complaint cannot, under the amended rule, defeat the action because of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is satisfied within the 120 day period provided by Rule 4(m), the complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification.

In the amendment to WYO.R.CIV.P. 15(c), the federal rule is faithfully followed except that instead of a reference to the period of time provided in Rule 4(m), which does not exist in the Wyoming rules, the period of time is specified as 120 days. The obvious intention of the amendment to the federal rule was to permit relation back as long as the notification to the defendant occurred within the 120 days permitted for service of process. Since Rule 3(b), WYO.R.CIV.P. provides for relation back of service to the date of filing, if service is made within 60 days, it would appear that a further amendment of our Rule 15(c)(3) to provide for 60 days instead of 120 days would be appropriate. In any event, the only situation in which WYO. R.CIV.P. 15(c)(3) can extend the statute of limitations, is a case in which, even though the statute of limitations has expired, the defendant is served within 60 days of the filing of the complaint, resulting in the action being deemed commenced as to that defendant as of the date it was filed.

It is clear from the language of the rule that the relation back of amendments under WYO.R.CIV.P. 15(c)(3) permits the amended pleading to relate back only to the original pleading, and not, as the Nowotnys argue, to an amendment of the original pleading. The Nowotnys' complaint was filed January 27, 1994. Under the prior version of WYO. R.CIV.P. 15(c), any amendment would relate back and toll the statute of limitations only if the defendant actually had or should have had notice of the claim against it. *Northern Utilities Div. of KN Energy, Inc. v. Town of Evansville,* 822 P.2d 829, 843 (Wyo.1991). The amendment to WYO.R.CIV.P. 15(c) offers a period of 120 days from the time of filing the original complaint in which the opposing party must have notice. The federal sources upon which we are entitled to rely, because our rule is modeled after the federal rule, make it clear that the proposed defendant must have received notice of the institution of the action and also must have either known or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against that defendant.

The Nowotnys cannot set aside the requirements of WYO.R.CIV.P. 15(c)(3), as amended. L & B did not have notice of the action within the 120 day period following the filing of the original complaint. The facts in the record demonstrate that the first possible notice L & B could have received that might have informed them they were intended to be a defendant was on February 28, 1995, when they received the letter demanding indemnity from the owners of the Rock Springs Golden Corral. If, for purposes of dialogue, we assume that this constituted proper notice, that occurred after the statute of limitations had run on January 17, 1995, and it also occurred beyond the 120 day period after the filing of the original complaint on January 27, 1994. The third amended complaint cannot relate back so as to extend the period of limitations on behalf of the Nowotnys.

Our holding that the statute of limitations had, in fact, expired justifies the exercise of discretion by the trial court in setting aside the entry of default under WYO. R.CIV.P. 55(c). The grant or denial of a motion to set aside the entry of default is an exercise of wide judicial discretion on the part of the trial court, and the exercise of that discretion will not be disturbed on appeal unless it was abused. As we said in *Claassen v. Nord,* 756 P.2d 189, 193 (Wyo. 1988):

> Rules 55(c) and 60(b), W.R.C.P., are remedial and are intended to promote decisions on the merits when possible. A trial court has wide judicial discretion to grant or deny a defendant's motion under these rules. *Ryan v. Lowe,* Wyo., 753 P.2d 580, 582 (1988); and *Annis v. Beebe & Runyan Furniture Company, supra* [685 P.2d 678 (Wyo.1984) ]. We will not disturb the exercise of that discretion unless appellant demonstrates that the trial court abused it and was clearly wrong. *Ryan v. Lowe, supra.* See also *Martin v. State,* Wyo., 720 P.2d 894, 897 (1986) (defining judicial discretion).

Because the district court has wide discretion, we define abuse of discretion for this purpose as:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously.

*Martin v. State,* 720 P.2d 894, 897 (Wyo. 1986), quoted in *Vanasse v. Ramsay,* 847 P.2d 993, 996 (Wyo.1993).

We summarized our review process in *First Southwestern Financial Services v. Laird,* 882 P.2d 1211, 1215 (Wyo. 1994), in which we said:

> Even had the defaults been correctly entered, the district court acted properly in setting aside the entry of default because the Lairds showed good cause under W.R.C.P. 55(c). A district court has wide discretion to set aside an entry of default. *Vanasse,* 847 P.2d at 996. The district court's discretion will not be disturbed on appeal " 'unless appellant demonstrates that the [district] court abused it and was clearly wrong.' " *Id.* (quoting *Claassen v. Nord,* 756 P.2d 189, 193 (Wyo.1988)).

As we stated in *Vanasse*, the three factors which are applied to determine whether a motion made under W.R.C.P. 60(b) should be granted may also be applied to determine whether the "good cause" standard of W.R.C.P. 55(c) has been met. *Vanasse*, 847 P.2d at 998, 6 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 55.10[2] (1985). Under the three-factor test, we consider:

> " '1. Whether the plaintiff will be prejudiced; 2. Whether the defendant has a meritorious defense; and 3. Whether culpable conduct of the defendant led to the default.' "

*Carlson [v. Carlson]*, 836 P.2d [297], 301–02 [ (Wyo.1992) ] (quoting *Amernational Indus., Inc. v. Action–Tungsram, Inc.*, 925 F.2d 970, 976 (6th Cir.1991)).

847 P.2d at 998.

We have equated prejudice with reliance upon the entry of default by the plaintiff to its detriment. *First Southwestern Financial Services*, 882 P.2d at 1215.

There is no indication in this record that the Nowotnys relied upon the entry of default to their detriment. The defense of the statute of limitations obviously is meritorious. We cannot discern any culpable conduct on the part of L & B that led to the entry of default. There was no abuse of discretion on the part of the trial court in setting aside the entry of default in this case.

Similarly, the trial court has broad discretion in controlling discovery. *Global Shipping & Trading, Ltd. v. Verkhnesaldincky Metallurgic Co.*, 892 P.2d 143, 145 (Wyo.1995); *Spitzer v. Spitzer*, 777 P.2d 587, 591 (Wyo.1989); *Farrell v. Hursh Agency*, Inc., 713 P.2d 1174 (Wyo.1986); *Caterpillar Tractor Co. v. Donahue*, 674 P.2d 1276 (Wyo.1983); *Mauch v. Stanley Structures, Inc.*, 641 P.2d 1247 (Wyo.1982). Under the circumstances of this case, it would have been fruitless to hold L & B's motion for summary judgment in abeyance pending further discovery. No additional facts could have been discovered that would have changed the fact that the statute of limitations had run. We conclude that there was no abuse of discretion by the district court in making this ruling.

The Nowotnys have failed to justify a tolling of the statute of limitations under our discovery rule or WYO.STAT. § 1–3–116. Furthermore, the rules with respect to relation back found in WYO.R.CIV.P. 15(c) are not helpful to them in this instance. The trial court properly exercised its discretion in setting aside the entry of default and refusing to hold the Motion for Summary Judgment in abeyance until further discovery was completed. The Order Granting Motion to Set Aside Entry of Default and the Order Denying Plaintiffs' Motion to Hold Summary Judgment in Abeyance are affirmed. The Order Granting Summary Judgment entered in the district court is affirmed.